# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELHAM BATTAYAV, et al., )
)
Petitioners, )
)
v. ) Civil Action No: 05-714 (RBW)
)
GEORGE WALKER BUSH, et al., )
)
Respondents. )

## ORDER

Currently before the Court is the Respondents' Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination ("Resp. Mot."); the Petitioners' Opposition to Respondents' Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination ("Pet. Opp'n"); and the Respondents' Reply Memorandum in Support of Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination ("Resp. Reply").

In their motion, the respondents argue that this case should be stayed pending the resolution of all appeals in Hamdan v. Rumsfeld, 344 F. Supp. 2d 152, 165 (D.D.C. 2004); In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005); Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005); and Boumediene v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005). Specifically, the respondents' contend that "[t]he oucome of the appeals will determine how all of the Guantanamo detainee cases should proceed, if at all." Resp. Mot. at 8. The petitioners, however, argue that the case should not be stayed due to the importance and priority of habeas petitions. Pet. Opp'n at 3. Nevertheless, the petitioners posit that should this Court grant the

1

respondents' motion, the Court should (1) require the respondents to produce factual returns for each petitioner; (2) require the respondents to collect and preserve all documents relating to the petitioners and detainee abuse at Guantanamo Bay; (3) require the respondents to provide the petitioners and their counsel with sixty days' notice of any Administrative Review Board ("ARB") proceeding; and (4) exclude from the stay the petitioners' claims for declaratory and injunctive relief.[1]  Pet. Opp'n at 2.  Both parties request that this Court enter an order adopting the protective orders as entered and modified by Judge Green in the consolidated cases that were before her.  Resp. Mot. at 10; Pet. Opp'n at 15.

After a careful review of the papers submitted by the parties, it is apparent that the resolution of the appeals in the aforementioned cases will directly address many of the legal issues raised in the current petition, including some of the civil claims for injunctive and declaratory relief.  In fact, the outcome of these appeals will determine how all of the Guantanamo detainee cases should proceed and will likely provide guidance on petitioners' claims based on the Fifth Amendment, the Geneva Conventions, various provisions of international law, the Alien Tort Statute, 28 U.S.C. § 1350, and the Administrative Procedure Act, 5 U.S.C. § 706.  Accordingly, this Court must conclude that all proceedings in this case should be stayed, including any and all matters related to civil claims for injunctive and declaratory relief.  Such a stay is in the interest of judicial economy and avoids unnecessary litigation.[2]

---

[1] The petitioners also request that this Court exclude from any stay the petitioners' motion for a preliminary injunction.  Because this Court has already ruled on the petitioners' preliminary injunction motion, this request is moot.  See May 3, 2005 Order (denying motion for preliminary injunction).

[2] Many other judges of this Court, when presented with a similar question, have ordered stays.  See, e.g.,
(continued...)

2

Turning now to the petitioners' remaining alternative arguments, they suggest that if the respondents' motion is granted, the Court should order the respondents to produce factual returns; require the respondents to collect and preserve all documents relating to the petitioners and the abuse of detainees at Guantanamo Bay; and require the respondents to provide the petitioners and their counsel with sixty days' notice of any ARB proceedings. Pet. Opp'n at 2.

The respondents contend that "it makes no sense for the government to process and submit factual returns with respect to . . . the petitions . . . when the [District of Columbia] Circuit will be considering the proper scope of these habeas proceedings, including whether the claims of [the] petitioners can be dismissed without reference to specific factual returns for petitioners." Resp. Mot. at 11-12. In addition, the respondents argue that the submission of factual returns is extremely burdensome and "risks the inadvertent disclosure of classified information." Id. at 12. When presented with a similar issue, another member of this Court noted that "[a]lthough the Court is sensitive to the concerns of respondents, the factual returns appear necessary for petitioners' counsel effectively to represent petitioners. Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." Al-Anazi v. Bush, 2005 WL 1119602, at *10 (D.D.C. April 21, 2005). This Court agrees, and must conclude that the government should produce factual returns for the petitioners in this case.

The petitioners' remaining requests—entry of orders requiring the respondents to collect and preserve documents and to provide the petitioners and their counsel with at least sixty days

---

²(...continued)
Resp. Reply at 4 (cases cited therein).

3

notice of any ARB proceeding so that counsel for the petitioners can assist them in coordinating their submissions—are not properly before the Court. First, "[a] motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." Madden v. Wyeth, 2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003) (citing Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., 1995 WL 783610, at *3-4 (D. Minn. Oct. 20, 1995); Humble Oil & Refining Co. v. Harang, 262 F. Supp. 39, 42-43 (E.D. La. 1966)). In this case, the petitioners simply make a request to preserve documents, but fail to make any showing that the equitable relief they seek is warranted. Pet. Opp'n at 13. In fact, the respondents clearly state for the record that they "are well aware of their obligation not to destroy evidence that may be relevant in pending litigation." Resp. Reply at 12. Moreover, another member of this Court has recently issued an Order requiring the preservation of "all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility." Al-Marri v. Bush, No. 04-2035, at 1-2 (D.D.C. March 7, 2005). This order requires the preservation of all documents relating to detainee abuse, not just the retention of documents relating to the petitioners in that case, thus the respondents are already under an obligation to preserve relevant documents. Accordingly, the Court will deny this request.

The Court must also deny the petitioners' request for an order mandating that the petitioners and their counsel be provided at least sixty days notice of any ARB proceeding so that counsel for the petitioners can assist them in coordinating their submissions. Resp. Opp'n at 13-14. Again, the petitioners simply make this request, but fail to provide any legal support for it. In fact, it appears to the Court that this request is in effect a motion for a preliminary injunction, similar in nature to one previously denied by this Court. See May 3, 2005 Order. However, the

4

petitioners make no attempt to show that they satisfy the criteria for obtaining injunctive releif, e.g., irreparable harm and likelihood of success on the merits. In fact, in light of this Court's holding in Almurbati v. Bush, 2005 WL 851934 (D.D.C. Apr. 14, 2005), this Court questions whether it can require the Executive branch to provide such notice to the petitioners and their counsel. Moreover, two members of this Court have concluded that the petitioners do not have a Sixth Amendment right to counsel, see In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443, 480 (D.D.C. 2005) (rejecting petitioners Sixth Amendment right to counsel); Khalid, 355 F. Supp. 2d 311, 323 (D.D.C. 2005) (rejecting all of petitioners' constitutional claims, including his right to counsel claim), thus, no purpose would be served by requiring advance notice of such proceedings to counsel. Khalid, 355 F. Supp. 2d at 323. Because the petitioners have failed to provide this Court with any legal authority to justify this request, it must be denied.

Accordingly, it is hereby this 18th day of May, 2005

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004 in In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004), the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004 in In re Guantanamo Detainee Cases, and the Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004 in In re Guantanamo Detainee Cases, shall also apply to this case. It is further

**ORDERED** that the respondents' motion to stay is **GRANTED**. It is further

**ORDERED** that the respondents shall produce factual returns for each petitioner in this

5

case within 120 days of the entry of this Order. It is further

**ORDERED** that the petitioners' requests: (1) to require the respondents to collect and preserve all documents relating to the petitioners and detainee abuse at Guantanamo Bay; (2) to require the respondents to provide the petitioners and his counsel with sixty days' notice of any Administrative Review Board ("ARB") proceeding; and (3) to exclude from the stay the Petitioners' claims for declaratory and injunctive relief are **DENIED**. It is further

**ORDERED** that the petitioners' request that this Court exclude from any stay the petitioners' motion for a preliminary injunction is **DENIED AS MOOT**.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge