# EXHIBIT 8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ABDULLA THANI FARIS AL-ANAZI, et al.,**<br><br>    **Petitioners,**<br><br>        v.<br><br>**GEORGE W. BUSH, et al.,**<br><br>    **Respondents.** | **Civil Action No.  05-0345 (JDB)** |

## ORDER

Presently before the Court is petitioners' Motion for a Preservation Order, filed September 16, 2005.  That motion seeks a court order requiring respondents to "preserve and maintain all evidence, documents, and information regarding the petitioners now being held in military custody at the United States Naval Station at Guantanamo Bay, Cuba ("Guantanamo") as well as all evidence, documents, and information relating to any other detainees related to or involved in [p]etitioners' case."  See Pet'rs' Mot. for Preservation Order at 1.

On April 21, 2005, this Court entered an order staying the proceedings in this case pending resolution of the interlocutory appeals in In re Guantanamo Detainee Cases, 335 F. Supp. 2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).  The Court will not treat petitioners' Motion for a Preservation Order as having been stayed by the order entered on April 21, 2005, because doing so would ignore the very purpose of a preservation order -- to ensure the continued existence and integrity of all potentially relevant material during the pendency of litigation.  There is a split of authority regarding the precise standard that a party

-1-

seeking a preservation order must satisfy. Compare Battayav v. Bush, No. 05-CV-0714 (D.D.C. May 19, 2005) (order) (stating that "[a] motion to preserve evidence is an injunctive remedy" and citing to cases that address preservation orders as requests for temporary injunctions), with Al-Marri v. Bush, No. 04-CV-2035 (D.D.C. Mar. 7, 2005) (order) (relying on Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 n.8 (2004), which states that "a document preservation order is no more an injunction than an order requiring a party to identify witnesses or to produce documents in discovery" and demands only that the party seeking a preservation order "demonstrate that it is necessary and not unduly burdensome"); see also Capricorn Power Co., Inc. v. Seimens Westinghouse Power Corp., 220 F.R.D. 429, 433-34 (W.D. Pa. 2004) (applying a three-part balancing test to resolve a motion to preserve documents).

The Court is not predisposed to assume that the government would alter or destroy records in its possession absent a court order, and is therefore inclined to require that, at the very least, a party seeking a preservation order against the government make a credible showing of a significant risk of alteration or destruction. However, the Court need not determine the appropriate standard in order to resolve this motion. That is because respondents have a pre-existing duty to preserve the very information that this motion addresses, pursuant to court orders issued in Al-Marri, No. 04-CV-2035 (D.D.C. Mar. 7, 2005) (order), Anam v. Bush, No. 04-CV-1194 (D.D.C. June 10, 2005) (order), and Abdah v. Bush, No. 04-CV-1254 (D.D.C. June 10, 2005) (order). As a result, to the extent petitioners' motion seeks a preservation order, it is moot. See Battayav ("respondents are already under an obligation to preserve relevant documents" based on an order in another case); El-Banna v. Bush, No. 04-CV-1144 (D.D.C. July 18, 2005) ("another preservation order would be unnecessary").

-2-

For the forgoing reasons, it is hereby

**ORDERED** that petitioners' motion for a preservation order is **DENIED** without

prejudice as moot.

_____/s/ John D. Bates_____

JOHN D. BATES

United States District Judge

Dated:    October 28, 2005

Copies to:

David A. Hickerson
WEIL, GOTSHAL & MANGES, L.L.P.
1300 Eye Street, NW
Suite 900
Washington, DC 20005
(202) 682-7000
Fax: (202) 857-0940
Email: david.hickerson@weil.com

Anant Raut
1300 Eye Street, NW
Suite 900
Washington, DC 20005
(202) 682-7000
Email: anant.raut@weil.com

      *Counsel for petitioners*

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
Fax: (202) 616-8470
Email: terry.henry@usdoj.gov
      *Counsel for respondents*