UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BENDER AYED HAMOUD HEZAM AL-OTEIBI AL-SHABANY, et al.**<br><br>Petitioners,<br><br>v.<br><br>**GEORGE W. BUSH,**<br><br>Respondents. | Civil Action No. 05-2029 (JDB) |

## MEMORANDUM OPINION

Petitioner Bender Ayed Hamoud Hezam Al-Oteibi Al-Shabany ("petitioner"), through his next friend Ayed Hamoud Hezam Al-Oteibi Al-Shabany, filed this petition for writ of habeas corpus challenging his detention at the United States Naval Station at Guantanamo Bay, Cuba ("Guantanamo").  Presently before the Court are petitioner's motions for a preliminary injunction and a temporary restraining order, an "Omnibus Motion" filed by petitioner's counsel, and respondents' motion to stay the proceedings pending the disposition of related appeals in the D.C. Circuit.  For the reasons discussed below, the Court will grant the respondents' motion and deny petitioner's motions for a preliminary injunction and temporary restraining order.  The Omnibus Motion filed by petitioner's counsel will be granted in part.

## BACKGROUND

This case is one of more than one hundred seventy-five habeas petitions filed on behalf of aliens detained at Guantanamo by the Department of Defense ("DoD").  The general facts concerning Guantanamo and its relationship to the current armed conflicts in Iraq and

Afghanistan will not be reviewed here. The petitioner in this case is a Saudi Arabian citizen who has been held at Guantanamo for more than three years. See Pet. for Writ of Habeas Corpus ("Writ Pet.") at 2. On October 14, 2005, he filed a petition for writ of habeas corpus through his father as next friend, id., followed by a Motion for an Immediate Issuance of the Writ or, Alternatively, an Order to Show Cause, on November 11, 2005, see Pet'r Mem. Supp. at 1. Petitioner challenges his possible designation as an "enemy combatant," as well as his three-year detention and the conditions at Guantanamo. See Writ Pet. at 9-14; Pet'r Mem. Supp. at 1, 3, 5. Specifically, petitioner argues that his detention violates the United States Constitution and numerous federal and international laws, including the Alien Tort Statute, the Administrative Procedures Act, Articles 3 and 5 of the Third and Fourth Geneva Conventions, and customary international law. See Writ Pet. at 16-27.

On October 14, 2005, petitioner filed a Motion for Preliminary Injunction, asking the Court to require that respondents provide thirty days notice of intent to relocate the petitioner. See Pet'r Mot. Prelim. Inj. The motion argued that there is "ample reason to fear that [petitioner] is in imminent danger of being transferred from Guantanamo to Saudi Arabia or to another country where he will be tortured, interrogated and/or detained indefinitely without due process of law." Id. at 2. In support of these contentions, petitioner relied on various news reports, as well as the declaration of Matthew C. Waxman, the Deputy Assistant Secretary of Defense for Detainee Affairs in the Department of Defense. See id. at 2-5. The Court has previously evaluated these items in related cases. Petitioner next filed a Motion for Temporary Restraining Order, seeking to enjoin his transfer in the interim until the Court ruled on the motion for a preliminary injunction. See Mot. T.R.O. at 1. Petitioner's counsel also filed an Omnibus Motion

seeking telephonic access to the petitioner and the release of certain information regarding whether the petitioner is designated an "enemy combatant" and whether he is one of more than twenty detainees currently participating in a hunger strike. See Omnibus Mot. at 1-2. The Omnibus Motion also asks the Court to order respondents to preserve all information regarding the petitioner, and to provide a factual return for him. Id.

Respondents have declined to voluntarily provide thirty days notice of intent to transfer the petitioner, and, accordingly, oppose the petitioner's requests for a preliminary injunction and temporary restraining order. Furthermore, respondents have filed a motion seeking to stay the proceedings in this case pending the resolution of related appeals to the D.C. Circuit in In re Guantanamo Detainee Cases, 335 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).

## ANALYSIS

Petitioner's motion for a preliminary injunction is, at its core, indistinguishable from similar motions that have been denied by this Court in related cases. See, e.g., Hamlily v. Bush, Civil Action No. 05-0763 (D.D.C. October 3, 2005) (order); O.K. v. Bush, 377 F. Supp. 2d 102 (D.D.C. 2005); Al-Anazi v. Bush, 370 F. Supp. 2d 188 (D.D.C. 2005). For the reasons previously stated in those cases, the Court will deny petitioner's motion for a preliminary injunction. This denial, in turn, renders moot petitioner's motion for a temporary restraining order, because that motion seeks only to enjoin the petitioner's transfer until the Court has ruled on the underlying motion for a preliminary injunction.

Respondents' motion to stay asks the Court to hold this case in abeyance pending the disposition of critical issues presented in the related appeals in In re Guantanamo Detainee Cases

and <u>Khalid v. Bush</u>.  The Court has granted identical motions in several other cases.  <u>See</u>, <u>e.g.</u>, <u>Hamlily</u>, Civil Action No. 05-0763 (Jun. 7, 2005 order).  For reasons set forth more fully in those cases, and "[i]n the interest of judicial economy and avoiding unnecessary litigation," <u>Al-Anazi</u>, 370 F. Supp. 2d at 199, the Court will grant respondents' motion.  "Nothing will be gained by this Court addressing issues the D.C. Circuit is about to decide, particularly since a stay would in any event be entered were petitioner[] to prevail before this Court on those core issues."  <u>Id.</u>  This stay will not bar the filing or disposition of any motion for emergency relief.

    Moreover, the Court will enter the protective and supplementary orders previously issued in <u>In re Guantanamo Detainee Cases</u>, Civil Action No. 02-0299 (D.D.C. 2004), including the November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba; the December 13, 2004 Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order; and the November 10, 2004 Order Addressing Designation Procedures for "Protected Information."  The stay will not prevent the parties from availing themselves of the procedures set forth in those protective and supplemental orders.  The Court will also, as it has done in other cases, issue petitioner's requested order to show cause.  Respondents' obligation to respond to that order, however, will be stayed pending disposition of the related appeals.  Furthermore, because of the stay, the Court will not consider, at this juncture, the request of petitioner's counsel, raised in the Omnibus Motion, for information regarding whether petitioner is currently designated an "enemy combatant."

    The Omnibus Motion also makes certain requests regarding petitioner's telephonic access to counsel.  The Court finds that this issue is adequately addressed by the protective orders

referenced above.  In the alternative, petitioner's counsel asks for twenty-four hours notice before any force-feeding of petitioner and, if petitioner is already being force-fed, counsel seeks the disclosure of medical records from one week prior to the date that force-feeding began and continuing through the present time, including a weekly update until such time as force-feeding is concluded.  This is analogous to requests in related cases that sought to enjoin the efforts of medical personnel at Guantanamo to prevent the detainees from committing suicide through hunger-strike methods.  See, e.g., El-Banna v. Bush, Civil Action No. 04-1144 (D.D.C. Oct. 28, 2005) (consolidated motions) (memorandum and order) at 4; see also Hamlily, Civil Action No. 05-0763 (Oct. 3, 2005 order).  Consistent with the findings in those cases, this request will be denied.

The remaining request by petitioner's counsel in the Omnibus Motion asks the Court to require that respondents provide the Court, and petitioner's counsel, with the factual return that DoD has compiled regarding the petitioner.  As the Court has noted in other cases, the factual return appears to be necessary in order to enable counsel effectively to represent the petitioner. See Al-Anazi, 370 F. Supp. 2d at 199-200.  Hence, the Court will require respondents to produce the factual returns for the petitioner within one hundred and twenty (120) days, notwithstanding the stay pending related appeals.  Counsel's request to order the respondents to preserve all information relating to the petitioner will, however, be denied.  Although this request is not treated as stayed pending the related appeals, see Al-Anazi v. Bush, Civil Action No. 05-0345 (D.D.C. Oct. 28, 2005) (order) at 1-2,

> [t]he Court is not predisposed to assume that the government would alter or destroy records in its possession absent a court order, and is therefore inclined to require that, at the very least, a party seeking a

>
> preservation order against the government make a credible showing of a significant risk of alteration or destruction. However, the Court need not determine the appropriate standard in order to resolve this motion. That is because respondents have a pre-existing duty to preserve the very information that this motion addresses, pursuant to court orders issued in Al-Marri, No. 04-CV-2035 (D.D.C. Mar. 7, 2005) (order), Anam v. Bush, No. 04-CV-1194 (D.D.C. June 10, 2005) (order), and Abdah v. Bush, No. 04-CV-1254 (D.D.C. June 10, 2005) (order). As a result, to the extent petitioners' motion seeks a preservation order, it is moot. See Battayav ("respondents are already under an obligation to preserve relevant documents" based on an order in another case); El-Banna[], No. 04-CV-1144 (D.D.C. July 18, 2005) ("another preservation order would be unnecessary").

Id. at 2.

## CONCLUSION

For the above reasons, petitioner's motions for a preliminary injunction and a temporary restraining order are denied, and the Omnibus Motion is granted in part and denied in part. The Court will grant respondents' motion to stay the case pending the resolution of the appeals in In Re Guantanamo Detainee Cases and Khalid v. Bush, and will further stay respondents' obligation to respond to the order to show cause. Respondents must, however, file with the Court -- and provide to petitioner's counsel -- the factual returns for the detainee-petitioner within one hundred and twenty (120) days. The Court will also enter by reference the protective and supplementary orders previously entered by Judge Green in In Re Guantanamo Detainee Cases, Civil Action No. 02-0299. A separate order has been issued on this date.

      /s/    John D. Bates
JOHN D. BATES
United States District Judge

Dated:   November 17, 2005

Copies to:

Paul Alan Leder
RICHARDS SPEARS KIBBE & ORBE LLP
1775 Eye Street, NW
5th Floor
Washington, DC 20006-2401
(202) 261-2960
Fax: (202) 261-2999
Email: pleder@rsko.com
> *Counsel for petitioner*
> *Counsel for next friend*

Robert J. Katerberg
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20001
(202) 616-8298
Fax: (202) 616-8460
Email: robert.katerberg@usdoj.gov

Preeya M. Noronha
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 7226
Washington, DC 20530
(202) 514-3338
Fax: (202) 616-8202
Email: preeya.noronha@usdoj.gov
> *Counsel for respondents*