APPROVED FOR PUBLIC
FILING BY THE CSO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENDER AYED HAMOUD HEZAM AL-OTEIBI AL-SHABANY and AYED HAMOUD HEZAM AL-OTEIBI AL-SHABANY, as Next Friend, )<br><br>Petitioners/Plaintiffs, )<br><br>v. )<br><br>GEORGE W. BUSH, DONALD RUMSFELD, ARMY BRIG. GEN. JAY HOOD, and ARMY COL. MIKE BUMGARNER, )<br><br>Respondents/Defendants. ) | Civil Action No. 05-2029 (JDB) |

## PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO STAY PRODUCTION OF FACTUAL RETURNS

Petitioners Bender Ayed Hamoud Hezam Al-Oteibi Al-Shabany ("Al-Shabany") and Ayed Hamoud Hezam Al-Oteibi Al-Shabany, as Next Friend (collectively "Petitioners"), respectfully submit their opposition to Respondents' Motion to Stay Production of Factual Returns.

### PRELIMINARY STATEMENT

On November 17, 2005, the Court stayed the instant action pending the appeals in *In re Guantanamo Detainee Cases,* 355 F. Supp. 2d 443 (D.D.C. 2005) and *Khalid v. Bush, Boumediene v. Bush,* 355 F. Supp. 2d 311 (D.D.C. 2005) in the United States Court of Appeals for the District of Columbia Circuit. The Court also ordered Respondents to "provide a factual return to the Court and to petitioner's counsel within one hundred twenty (120) days" – that is, by March 17, 2006. *See* November 17, 2005 Order, at 2.

Despite that order, on February 6, 2006, Respondents moved to avoid this Court's order to produce the factual return. The same day, the Court issued a Notice stating that "in light of

the enactment of the Detainee Treatment Act of 2005 ('DTA')" and the fact that the D.C. Circuit has scheduled briefing and oral argument on the question of the act's "effect on federal courts' jurisdiction over habeas claims brought by Guantanamo detainees," the Court "shall, without addressing the jurisdictional question, hold in abeyance all pending motions herein filed." *See* February 6, 2006 Notice.

Pursuant to this Court's orders of November 17, 2005 and February 6, 2006, Respondents' motion should be held in abeyance and Respondents must comply with this Court's November 17 order and produce the factual return on or before March 17, 2006.

In the alternative, should the Court decide to rule upon Respondents' motion, the motion should be denied. This Court has already recognized that the factual return, which consists primarily of the records of the Combatant Status Review Tribunal ("CSRT"),[1] is critical to enable counsel to represent Petitioners, and ordered Respondents to produce the factual return even while other aspects of this action are stayed. *See* Mem. Op., Nov. 17, 2005, at 5. Nothing has changed this basic fact, including the enactment of the DTA and the consideration by the D.C. Circuit of the impact of the DTA on habeas claims. The factual return must be produced, as ordered, so that Al-Shabany and his counsel have notice of the allegations against him and a fair opportunity to rebut those allegations in this action or in the D.C. Circuit, as well as in connection with the annual Administrative Review Board process.

---

[1] Respondents have acknowledged that the factual return "typically has consisted of the record of proceedings before the Combatant Status Review Tribunal." Respondents' Motion to Stay Proceedings Pending Related Appeals and Opposition to Petitioners' Motion for the Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243, or Alternatively, to Issue an Order to Show Cause, at 12 n.8 (Nov. 14, 2005).

2

## ARGUMENT

A.  <u>The Court Should Hold Respondents' Motion in Abeyance.</u>

As this Court has recognized, there is "no cause for immediate intervention" by the Court with respect to the issue of its continuing jurisdiction. *See* February 6, 2006 Notice. Therefore, the Court should hold Respondents' motion in abeyance. This Court's November 17, 2005 Order should not be disturbed.

B.  <u>In the Alternative, the Court Should Deny Respondents' Motion.</u>

In the alternative, the Court should deny Respondents' motion for the following reasons.

### 1. There Is No Reason to Disturb the Status Quo.

Respondents argue that the Court should stay its November 17, 2005 Order "until the effect of the [DTA] on this case is resolved." Resp. Mot. at 2. Although the effect of the DTA on the already filed habeas claims by Guantanamo detainees will be briefed and argued shortly before the D.C. Circuit, *see, e.g.*, February 6, 2006 Notice, the issue of the application of the DTA to *this* case is not properly before this Court at this time.[2] Therefore, there are no grounds for a stay of this Court's previously entered order.

In addition, Respondents' argument in this new motion is simply the same argument that this Court rejected when it originally ordered Respondents to produce the factual return. At that time, Respondents argued that they should not be required to produce the factual return while the issue of "whether and how to proceed" is before the D.C. Circuit. *See* Respondents' Motion to Stay Proceedings Pending Related Appeals and Opposition to Petitioners' Motion for the

---

[2] Petitioners disagree with Respondents' statement that the DTA has effected a "new, statutory withdrawal of the Court's jurisdiction." Resp. Mot. at 2. The question of the effect of the DTA on the pending claims is currently being briefed before the D.C. Circuit. Regardless of the outcome of that case, Counsel need access to the factual return to effectively represent Petitioners. Therefore, the question of the effect of the DTA is irrelevant to this motion.

3

Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243, or Alternatively, to Issue an Order to Show Cause, at 11. The Court, however, rejected that argument. The appeals in *In re Guantanamo Detainee Cases* and *Khalid* still have not been decided and this case is still stayed. All that has happened since November 17, 2005 is that an additional legal issue has been added to those to be considered by the D.C. Circuit in the combined appeals. For the same reasons that this Court ordered production on November 17, 2005, it should deny Respondents' motion now. The status quo should be maintained.

> 2. **Counsel Need the Factual Return to Make Meaningful Submissions in Connection with the Annual ARB Process.**

While the D.C. Circuit is considering the effect of the DTA, the annual Administrative Review Boards ("ARBs") continue unabated. The ARBs are an annual administrative review process conducted by the Office of Administrative Review of the Detention of Enemy Combatants ("OARDEC") in which OARDEC makes a determination of whether each detainee "should be released, transferred or continued to be detained." *See* Memorandum from Dep't of Defense Designated Civilian Official Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba, at 1 (Sept. 14, 2004). http://www.defenselink.mil/news/Sep2004/d20040914adminreview.pdf [hereinafter "ARB. Mem."].

Several days before Respondents filed the instant motion, on February 2, 2006, Teresa McPalmer, CDR, JAGC of the United States Navy, provided notice to counsel of their right to make a submission on Petitioners' behalf to OARDEC for the 2006 ARBs. *See* Email from Teresa McPalmer to counsel, Feb. 2, 2006 (attached hereto as Ex. 1). In order to make a meaningful submission for the 2006 ARB, Al-Shabany and his counsel must have access to the factual return, and the complete record of the CSRT in particular. Without the factual return

4

counsel will be in the absurd position of making a submission without any facts at all concerning Respondents' reasons for holding Al-Shabany (including even the basic information of whether Al-Shabany has been deemed "no longer" an "enemy combatant" by the CSRT).[3] It is possible that the information in the factual return alone, or that information coupled with other facts that counsel may be able to gather, will be sufficient to persuade the OARDEC that Al-Shabany does not "represent[] a continuing threat" to the United States and that there is no need for his continued detention. *See* ARB. Mem. at 2. Such a determination might occur long before the question of the effect of the DTA is finally decided. Given this possibility, and the fact that the ARB is held only once a year, delaying any further the production of the factual return is contrary to fundamental principles of due process, fairness and justice.

### 3. Counsel Need the Factual Return to Represent Petitioner Regardless of the D.C. Circuit's Ruling on the Impact of the DTA.

Even if the D.C. Circuit were to rule that the effect of the DTA was to remove this Court's jurisdiction over Petitioners' habeas claim, the factual return will still be necessary for counsel to effectively represent Petitioner. The DTA provides a mechanism for judicial review in the United States Court of Appeals for the District of Columbia Circuit. *See* Pub. L. No. 109-148, § 1005(e)(2). The very same factual return ordered to be produced here will no doubt be a

---

[3] The only way for Counsel to obtain this information is through Respondents' compliance with the November 17, 2005 Order. Counsel requested the complete records of Al-Shabany's CSRT proceedings as well as any additional materials used in connection with the 2005 ARB process from Ms. McPalmer as well as from Andrew Warden of the United States Department of Justice. Both refused to provide counsel with these critical materials. *See* Letter from Brian Fraser to Andrew Warden, Trial Attorney, U.S. Department of Justice, Feb. 10, 2006 (attached hereto as Ex. 2); Email from Andrew Warden to counsel, Feb. 13, 2006 (attached hereto as Ex. 3); Email from Teresa McPalmer to Christopher Dysard, Feb. 10, 2006 (attached hereto as Ex. 4).

Although the deadline for submitting materials to the ARB is nominally February 24, 2006, materials submitted after that date will be considered so long as the ARB review for our client has not yet occurred. *See* Ex. 1, at 2. Therefore, there is still a chance that counsel will be able to make a meaningful submission in time for Al-Shabany's 2006 ARB review if Respondents comply with this Court's November 17, 2005 Order and produce the factual return on or before March 17, 2006.

part of the record in any appeal concerning Al-Shabany. There is no reason to delay the inevitable production of the factual return – especially, where, as here, the delay will serve only to hinder counsels' representation of Al-Shabany.

    4.    **The Immediate Need for the Factual Return Is Highlighted by Two Recent Reports Analyzing U.S. Government Records Concerning the Detainees.**

The immediate need for the production of the factual return so that counsel may effectively represent Petitioners is underscored by two recent analyses by the *National Journal* and individuals at Seton Hall Law School of unclassified CSRT information.[4] Among the key findings are that (i) the majority of the men detained at Guantanamo Bay were not determined to have engaged in hostilities against the United States, (ii) many were found to be "enemy combatants" for having been associated with organizations that are not even on the list of Foreign Terrorist Organizations barred from entry into the United States by the Department of Homeland Security and (iii) in many cases the evidence supporting their status as "enemy combatants" is insubstantial. *See* Corine Hegland, *Who Is at Guantanamo Bay,* Nat'l J. Feb. 3, 2006, at 1-2, http://nationaljournal.com/about/njweekly/stories/2006/0203nj2.htm (attached hereto as Ex. 5); Corine Hegland, *Empty Evidence*, Nat'l J. Feb. 3, 2006, at 2-3, http://nationaljournal.com/about/njweekly/stories/2006/0203nj4.htm (attached hereto as Ex. 6); Mark Denbeaux and Joshua Denbeaux, Report on Guantanamo Detainees: A Profile of 517 Detainees Through Analysis of Department of Defense Data, at 2, 18 (attached hereto as Ex. 7) [hereinafter "Seton Hall Report"].

For example, the Seton Hall Report analyzed the unclassified versions of the CSRT evidence summaries filed by the government in advance of the CSRTs and found that 55 percent

---

[4] It is important to note that the versions of the CSRT records analyzed in these two reports did not include the names and ISN numbers of the detainees or any classified information.

of the detainees were determined not to have committed any hostile act against the United States and only 8 percent were characterized as actual fighters for Al Qaeda. Seton Hall Rpt. at 2. Similarly, the *National Journal* reviewed unclassified court files in cases involving 132 of the detainees (as well as the unclassified versions of 314 CSRTs that were provided to the Associated Press in response to a Freedom of Information Act request) and determined that 75 of the 132 men are "not accused of taking part in hostilities against the United States or its coalition partners." *Who Is at Guantanamo Bay,* at 1-2. In addition, the *National Journal* article details the weaknesses (and apparent falsity) of much of the evidence against the detainees. For example, the *National Journal* recounted how a U.S. military officer discovered that one detainee was accused by a witness of being at a training camp in Afghanistan three months before the detainee even arrived in Afghanistan. The officer then pulled all the files involving the same witness and discovered many other detainees who similarly could not have been at the camp at the time the witness placed them there. *See Empty Evidence*, at 2.

The factual return concerning Al-Shabany may well reveal that the facts set out in the CSRT records in his case are similarly based upon false or insubstantial evidence. It may be that the only "evidence" against Al-Shabany is an accusation by an untruthful accuser. Only Respondents have this information, and without it, counsel cannot effectively represent Al-Shabany.

7

## CONCLUSION

For the reasons set forth above, this Court should hold Respondents' motion in abeyance. In the alternative, Respondents' motion should be denied.

Dated: Washington, DC
       February 17, 2006

            Respectfully submitted,
            Counsel for Petitioners:

            /s/ Paul A. Leder
            RICHARDS SPEARS KIBBE & ORBE LLP
            Brian S. Fraser (SDNY No.: BF-0114)
            Marcellene E. Hearn (SDNY No.: MH-6050)
            Christopher W. Dysard (SDNY No.: CD-0002)
            One World Financial Center, 29th Floor
            New York, New York 10281
            Tel: (212) 530-1800
            Fax: (212) 530-1801

            Paul A. Leder (DC 358597)
            1775 Eye Street NW
            Washington, D.C. 20006
            Tel: (202) 261-2960
            Fax: (202) 261-2999

            *Of Counsel*
            Barbara Olshansky (SDNY No. BO-0057)
            Tina Monshipour Foster (SDNY No. TF-5556)
            Gitanjali S. Gutierrez (SDNY No. GG-1234)
            CENTER FOR CONSTITUTIONAL RIGHTS
            666 Broadway, 7th Floor
            New York, New York 10012
            Tel: (212) 614-6439
            Fax: (212) 614-6499