**ATTACHMENT**

S. 3930

# One Hundred Ninth Congress
## of the
## United States of America

### AT THE SECOND SESSION

*Begun and held at the City of Washington on Tuesday,*
*the third day of January, two thousand and six*

## An Act

To authorize trial by military commission for violations of the law of war, and
for other purposes.

*Be it enacted by the Senate and House of Representatives of*
*the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE; TABLE OF CONTENTS.**

(a) SHORT TITLE.—This Act may be cited as the "Military
Commissions Act of 2006".

(b) TABLE OF CONTENTS.—The table of contents for this Act
is as follows:

Sec. 1. Short title; table of contents.
Sec. 2. Construction of Presidential authority to establish military commissions.
Sec. 3. Military commissions.
Sec. 4. Amendments to Uniform Code of Military Justice.
Sec. 5. Treaty obligations not establishing grounds for certain claims.
Sec. 6. Implementation of treaty obligations.
Sec. 7. Habeas corpus matters.
Sec. 8. Revisions to Detainee Treatment Act of 2005 relating to protection of certain
          United States Government personnel.
Sec. 9. Review of judgments of military commissions.
Sec. 10. Detention covered by review of decisions of Combatant Status Review Tri-
          bunals of propriety of detention.

**SEC. 2. CONSTRUCTION OF PRESIDENTIAL AUTHORITY TO ESTABLISH
MILITARY COMMISSIONS.**

The authority to establish military commissions under chapter
47A of title 10, United States Code, as added by section 3(a),
may not be construed to alter or limit the authority of the President
under the Constitution of the United States and laws of the United
States to establish military commissions for areas declared to be
under martial law or in occupied territories should circumstances
so require.

**SEC. 3. MILITARY COMMISSIONS.**

(a) MILITARY COMMISSIONS.—

(1) IN GENERAL.—Subtitle A of title 10, United States Code,
is amended by inserting after chapter 47 the following new
chapter:

## "CHAPTER 47A—MILITARY COMMISSIONS

"Subchapter
"I. General Provisions ........................................................................................ 948a
"II. Composition of Military Commissions ........................................................ 948h
"III. Pre-Trial Procedure .................................................................................... 948q
"IV. Trial Procedure ........................................................................................... 949a
"V. Sentences ...................................................................................................... 949s

S. 3930—2

"VI. Post-Trial Procedure and Review of Military Commissions ....................... 950a
"VII. Punitive Matters ................................................................ 950p

"SUBCHAPTER I—GENERAL PROVISIONS

"Sec.
"948a. Definitions.
"948b. Military commissions generally.
"948c. Persons subject to military commissions.
"948d. Jurisdiction of military commissions.
"948e. Annual report to congressional committees.

**"§ 948a. Definitions**

"In this chapter:

"(1) UNLAWFUL ENEMY COMBATANT.—(A) The term 'unlawful enemy combatant' means—

"(i) a person who has engaged in hostilities or who has purposefully and materially supported hostilities against the United States or its co-belligerents who is not a lawful enemy combatant (including a person who is part of the Taliban, al Qaeda, or associated forces); or

"(ii) a person who, before, on, or after the date of the enactment of the Military Commissions Act of 2006, has been determined to be an unlawful enemy combatant by a Combatant Status Review Tribunal or another competent tribunal established under the authority of the President or the Secretary of Defense.

"(B) CO-BELLIGERENT.—In this paragraph, the term 'co-belligerent', with respect to the United States, means any State or armed force joining and directly engaged with the United States in hostilities or directly supporting hostilities against a common enemy.

"(2) LAWFUL ENEMY COMBATANT.—The term 'lawful enemy combatant' means a person who is—

"(A) a member of the regular forces of a State party engaged in hostilities against the United States;

"(B) a member of a militia, volunteer corps, or organized resistance movement belonging to a State party engaged in such hostilities, which are under responsible command, wear a fixed distinctive sign recognizable at a distance, carry their arms openly, and abide by the law of war; or

"(C) a member of a regular armed force who professes allegiance to a government engaged in such hostilities, but not recognized by the United States.

"(3) ALIEN.—The term 'alien' means a person who is not a citizen of the United States.

"(4) CLASSIFIED INFORMATION.—The term 'classified information' means the following:

"(A) Any information or material that has been determined by the United States Government pursuant to statute, Executive order, or regulation to require protection against unauthorized disclosure for reasons of national security.

"(B) Any restricted data, as that term is defined in section 11 y. of the Atomic Energy Act of 1954 (42 U.S.C. 2014(y)).

S. 3930—3

"(5) GENEVA CONVENTIONS.—The term 'Geneva Conventions' means the international conventions signed at Geneva on August 12, 1949.

## "§ 948b. Military commissions generally

"(a) PURPOSE.—This chapter establishes procedures governing the use of military commissions to try alien unlawful enemy combatants engaged in hostilities against the United States for violations of the law of war and other offenses triable by military commission.

"(b) AUTHORITY FOR MILITARY COMMISSIONS UNDER THIS CHAPTER.—The President is authorized to establish military commissions under this chapter for offenses triable by military commission as provided in this chapter.

"(c) CONSTRUCTION OF PROVISIONS.—The procedures for military commissions set forth in this chapter are based upon the procedures for trial by general courts-martial under chapter 47 of this title (the Uniform Code of Military Justice). Chapter 47 of this title does not, by its terms, apply to trial by military commission except as specifically provided in this chapter. The judicial construction and application of that chapter are not binding on military commissions established under this chapter.

"(d) INAPPLICABILITY OF CERTAIN PROVISIONS.—(1) The following provisions of this title shall not apply to trial by military commission under this chapter:

"(A) Section 810 (article 10 of the Uniform Code of Military Justice), relating to speedy trial, including any rule of courts-martial relating to speedy trial.

"(B) Sections 831(a), (b), and (d) (articles 31(a), (b), and (d) of the Uniform Code of Military Justice), relating to compulsory self-incrimination.

"(C) Section 832 (article 32 of the Uniform Code of Military Justice), relating to pretrial investigation.

"(2) Other provisions of chapter 47 of this title shall apply to trial by military commission under this chapter only to the extent provided by this chapter.

"(e) TREATMENT OF RULINGS AND PRECEDENTS.—The findings, holdings, interpretations, and other precedents of military commissions under this chapter may not be introduced or considered in any hearing, trial, or other proceeding of a court-martial convened under chapter 47 of this title. The findings, holdings, interpretations, and other precedents of military commissions under this chapter may not form the basis of any holding, decision, or other determination of a court-martial convened under that chapter.

"(f) STATUS OF COMMISSIONS UNDER COMMON ARTICLE 3.— A military commission established under this chapter is a regularly constituted court, affording all the necessary 'judicial guarantees which are recognized as indispensable by civilized peoples' for purposes of common Article 3 of the Geneva Conventions.

"(g) GENEVA CONVENTIONS NOT ESTABLISHING SOURCE OF RIGHTS.—No alien unlawful enemy combatant subject to trial by military commission under this chapter may invoke the Geneva Conventions as a source of rights.

## "§ 948c. Persons subject to military commissions

"Any alien unlawful enemy combatant is subject to trial by military commission under this chapter.

S. 3930—4

### "§ 948d. Jurisdiction of military commissions

"(a) JURISDICTION.—A military commission under this chapter shall have jurisdiction to try any offense made punishable by this chapter or the law of war when committed by an alien unlawful enemy combatant before, on, or after September 11, 2001.

"(b) LAWFUL ENEMY COMBATANTS.—Military commissions under this chapter shall not have jurisdiction over lawful enemy combatants. Lawful enemy combatants who violate the law of war are subject to chapter 47 of this title. Courts-martial established under that chapter shall have jurisdiction to try a lawful enemy combatant for any offense made punishable under this chapter.

"(c) DETERMINATION OF UNLAWFUL ENEMY COMBATANT STATUS DISPOSITIVE.—A finding, whether before, on, or after the date of the enactment of the Military Commissions Act of 2006, by a Combatant Status Review Tribunal or another competent tribunal established under the authority of the President or the Secretary of Defense that a person is an unlawful enemy combatant is dispositive for purposes of jurisdiction for trial by military commission under this chapter.

"(d) PUNISHMENTS.—A military commission under this chapter may, under such limitations as the Secretary of Defense may prescribe, adjudge any punishment not forbidden by this chapter, including the penalty of death when authorized under this chapter or the law of war.

### "§ 948e. Annual report to congressional committees

"(a) ANNUAL REPORT REQUIRED.—Not later than December 31 each year, the Secretary of Defense shall submit to the Committees on Armed Services of the Senate and the House of Representatives a report on any trials conducted by military commissions under this chapter during such year.

"(b) FORM.—Each report under this section shall be submitted in unclassified form, but may include a classified annex.

### "SUBCHAPTER II—COMPOSITION OF MILITARY COMMISSIONS

"Sec.
"948h. Who may convene military commissions.
"948i. Who may serve on military commissions.
"948j. Military judge of a military commission.
"948k. Detail of trial counsel and defense counsel.
"948l. Detail or employment of reporters and interpreters.
"948m. Number of members; excuse of members; absent and additional members.

### "§ 948h. Who may convene military commissions

"Military commissions under this chapter may be convened by the Secretary of Defense or by any officer or official of the United States designated by the Secretary for that purpose.

### "§ 948i. Who may serve on military commissions

"(a) IN GENERAL.—Any commissioned officer of the armed forces on active duty is eligible to serve on a military commission under this chapter.

"(b) DETAIL OF MEMBERS.—When convening a military commission under this chapter, the convening authority shall detail as members of the commission such members of the armed forces eligible under subsection (a), as in the opinion of the convening

S. 3930—5

authority, are best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament. No member of an armed force is eligible to serve as a member of a military commission when such member is the accuser or a witness for the prosecution or has acted as an investigator or counsel in the same case.

"(c) EXCUSE OF MEMBERS.—Before a military commission under this chapter is assembled for the trial of a case, the convening authority may excuse a member from participating in the case.

**"§ 948j. Military judge of a military commission**

"(a) DETAIL OF MILITARY JUDGE.—A military judge shall be detailed to each military commission under this chapter. The Secretary of Defense shall prescribe regulations providing for the manner in which military judges are so detailed to military commissions. The military judge shall preside over each military commission to which he has been detailed.

"(b) QUALIFICATIONS.—A military judge shall be a commissioned officer of the armed forces who is a member of the bar of a Federal court, or a member of the bar of the highest court of a State, and who is certified to be qualified for duty under section 826 of this title (article 26 of the Uniform Code of Military Justice) as a military judge in general courts-martial by the Judge Advocate General of the armed force of which such military judge is a member.

"(c) INELIGIBILITY OF CERTAIN INDIVIDUALS.—No person is eligible to act as military judge in a case of a military commission under this chapter if he is the accuser or a witness or has acted as investigator or a counsel in the same case.

"(d) CONSULTATION WITH MEMBERS; INELIGIBILITY TO VOTE.— A military judge detailed to a military commission under this chapter may not consult with the members of the commission except in the presence of the accused (except as otherwise provided in section 949d of this title), trial counsel, and defense counsel, nor may he vote with the members of the commission.

"(e) OTHER DUTIES.—A commissioned officer who is certified to be qualified for duty as a military judge of a military commission under this chapter may perform such other duties as are assigned to him by or with the approval of the Judge Advocate General of the armed force of which such officer is a member or the designee of such Judge Advocate General.

"(f) PROHIBITION ON EVALUATION OF FITNESS BY CONVENING AUTHORITY.—The convening authority of a military commission under this chapter shall not prepare or review any report concerning the effectiveness, fitness, or efficiency of a military judge detailed to the military commission which relates to his performance of duty as a military judge on the military commission.

**"§ 948k. Detail of trial counsel and defense counsel**

"(a) DETAIL OF COUNSEL GENERALLY.—(1) Trial counsel and military defense counsel shall be detailed for each military commission under this chapter.

"(2) Assistant trial counsel and assistant and associate defense counsel may be detailed for a military commission under this chapter.

S. 3930—6

"(3) Military defense counsel for a military commission under this chapter shall be detailed as soon as practicable after the swearing of charges against the accused.

"(4) The Secretary of Defense shall prescribe regulations providing for the manner in which trial counsel and military defense counsel are detailed for military commissions under this chapter and for the persons who are authorized to detail such counsel for such commissions.

"(b) TRIAL COUNSEL.—Subject to subsection (e), trial counsel detailed for a military commission under this chapter must be—

"(1) a judge advocate (as that term is defined in section 801 of this title (article 1 of the Uniform Code of Military Justice) who—

"(A) is a graduate of an accredited law school or is a member of the bar of a Federal court or of the highest court of a State; and

"(B) is certified as competent to perform duties as trial counsel before general courts-martial by the Judge Advocate General of the armed force of which he is a member; or

"(2) a civilian who—

"(A) is a member of the bar of a Federal court or of the highest court of a State; and

"(B) is otherwise qualified to practice before the military commission pursuant to regulations prescribed by the Secretary of Defense.

"(c) MILITARY DEFENSE COUNSEL.—Subject to subsection (e), military defense counsel detailed for a military commission under this chapter must be a judge advocate (as so defined) who is—

"(1) a graduate of an accredited law school or is a member of the bar of a Federal court or of the highest court of a State; and

"(2) certified as competent to perform duties as defense counsel before general courts-martial by the Judge Advocate General of the armed force of which he is a member.

"(d) CHIEF PROSECUTOR; CHIEF DEFENSE COUNSEL.—(1) The Chief Prosecutor in a military commission under this chapter shall meet the requirements set forth in subsection (b)(1).

"(2) The Chief Defense Counsel in a military commission under this chapter shall meet the requirements set forth in subsection (c)(1).

"(e) INELIGIBILITY OF CERTAIN INDIVIDUALS.—No person who has acted as an investigator, military judge, or member of a military commission under this chapter in any case may act later as trial counsel or military defense counsel in the same case. No person who has acted for the prosecution before a military commission under this chapter may act later in the same case for the defense, nor may any person who has acted for the defense before a military commission under this chapter act later in the same case for the prosecution.

## "§ 948l. Detail or employment of reporters and interpreters

"(a) COURT REPORTERS.—Under such regulations as the Secretary of Defense may prescribe, the convening authority of a military commission under this chapter shall detail to or employ for the commission qualified court reporters, who shall make a verbatim

S. 3930—7

recording of the proceedings of and testimony taken before the commission.

"(b) INTERPRETERS.—Under such regulations as the Secretary of Defense may prescribe, the convening authority of a military commission under this chapter may detail to or employ for the military commission interpreters who shall interpret for the commission and, as necessary, for trial counsel and defense counsel and for the accused.

"(c) TRANSCRIPT; RECORD.—The transcript of a military commission under this chapter shall be under the control of the convening authority of the commission, who shall also be responsible for preparing the record of the proceedings.

### "§ 948m. Number of members; excuse of members; absent and additional members

"(a) NUMBER OF MEMBERS.—(1) A military commission under this chapter shall, except as provided in paragraph (2), have at least five members.

"(2) In a case in which the accused before a military commission under this chapter may be sentenced to a penalty of death, the military commission shall have the number of members prescribed by section 949m(c) of this title.

"(b) EXCUSE OF MEMBERS.—No member of a military commission under this chapter may be absent or excused after the military commission has been assembled for the trial of a case unless excused—

"(1) as a result of challenge;

"(2) by the military judge for physical disability or other good cause; or

"(3) by order of the convening authority for good cause.

"(c) ABSENT AND ADDITIONAL MEMBERS.—Whenever a military commission under this chapter is reduced below the number of members required by subsection (a), the trial may not proceed unless the convening authority details new members sufficient to provide not less than such number. The trial may proceed with the new members present after the recorded evidence previously introduced before the members has been read to the military commission in the presence of the military judge, the accused (except as provided in section 949d of this title), and counsel for both sides.

### "SUBCHAPTER III—PRE-TRIAL PROCEDURE

"Sec.
"948q. Charges and specifications.
"948r. Compulsory self-incrimination prohibited; treatment of statements obtained by torture and other statements.
"948s. Service of charges.

### "§ 948q. Charges and specifications

"(a) CHARGES AND SPECIFICATIONS.—Charges and specifications against an accused in a military commission under this chapter shall be signed by a person subject to chapter 47 of this title under oath before a commissioned officer of the armed forces authorized to administer oaths and shall state—

"(1) that the signer has personal knowledge of, or reason to believe, the matters set forth therein; and

"(2) that they are true in fact to the best of the signer's knowledge and belief.

S. 3930—8

"(b) NOTICE TO ACCUSED.—Upon the swearing of the charges and specifications in accordance with subsection (a), the accused shall be informed of the charges against him as soon as practicable.

## "§ 948r. Compulsory self-incrimination prohibited; treatment of statements obtained by torture and other statements

"(a) IN GENERAL.—No person shall be required to testify against himself at a proceeding of a military commission under this chapter.

"(b) EXCLUSION OF STATEMENTS OBTAINED BY TORTURE.—A statement obtained by use of torture shall not be admissible in a military commission under this chapter, except against a person accused of torture as evidence that the statement was made.

"(c) STATEMENTS OBTAINED BEFORE ENACTMENT OF DETAINEE TREATMENT ACT OF 2005.—A statement obtained before December 30, 2005 (the date of the enactment of the Defense Treatment Act of 2005) in which the degree of coercion is disputed may be admitted only if the military judge finds that—

"(1) the totality of the circumstances renders the statement reliable and possessing sufficient probative value; and

"(2) the interests of justice would best be served by admission of the statement into evidence.

"(d) STATEMENTS OBTAINED AFTER ENACTMENT OF DETAINEE TREATMENT ACT OF 2005.—A statement obtained on or after December 30, 2005 (the date of the enactment of the Defense Treatment Act of 2005) in which the degree of coercion is disputed may be admitted only if the military judge finds that—

"(1) the totality of the circumstances renders the statement reliable and possessing sufficient probative value;

"(2) the interests of justice would best be served by admission of the statement into evidence; and

"(3) the interrogation methods used to obtain the statement do not amount to cruel, inhuman, or degrading treatment prohibited by section 1003 of the Detainee Treatment Act of 2005.

## "§ 948s. Service of charges

"The trial counsel assigned to a case before a military commission under this chapter shall cause to be served upon the accused and military defense counsel a copy of the charges upon which trial is to be had. Such charges shall be served in English and, if appropriate, in another language that the accused understands. Such service shall be made sufficiently in advance of trial to prepare a defense.

## "SUBCHAPTER IV—TRIAL PROCEDURE

"Sec.
"949a. Rules.
"949b. Unlawfully influencing action of military commission.
"949c. Duties of trial counsel and defense counsel.
"949d. Sessions.
"949e. Continuances.
"949f. Challenges.
"949g. Oaths.
"949h. Former jeopardy.
"949i. Pleas of the accused.
"949j. Opportunity to obtain witnesses and other evidence.
"949k. Defense of lack of mental responsibility.
"949l. Voting and rulings.

S. 3930—9

"949m. Number of votes required.
"949n. Military commission to announce action.
"949o. Record of trial.

**"§ 949a. Rules**

"(a) PROCEDURES AND RULES OF EVIDENCE.—Pretrial, trial, and post-trial procedures, including elements and modes of proof, for cases triable by military commission under this chapter may be prescribed by the Secretary of Defense, in consultation with the Attorney General. Such procedures shall, so far as the Secretary considers practicable or consistent with military or intelligence activities, apply the principles of law and the rules of evidence in trial by general courts-martial. Such procedures and rules of evidence may not be contrary to or inconsistent with this chapter.

"(b) RULES FOR MILITARY COMMISSION.—(1) Notwithstanding any departures from the law and the rules of evidence in trial by general courts-martial authorized by subsection (a), the procedures and rules of evidence in trials by military commission under this chapter shall include the following:

"(A) The accused shall be permitted to present evidence in his defense, to cross-examine the witnesses who testify against him, and to examine and respond to evidence admitted against him on the issue of guilt or innocence and for sentencing, as provided for by this chapter.

"(B) The accused shall be present at all sessions of the military commission (other than those for deliberations or voting), except when excluded under section 949d of this title.

"(C) The accused shall receive the assistance of counsel as provided for by section 948k.

"(D) The accused shall be permitted to represent himself, as provided for by paragraph (3).

"(2) In establishing procedures and rules of evidence for military commission proceedings, the Secretary of Defense may prescribe the following provisions:

"(A) Evidence shall be admissible if the military judge determines that the evidence would have probative value to a reasonable person.

"(B) Evidence shall not be excluded from trial by military commission on the grounds that the evidence was not seized pursuant to a search warrant or other authorization.

"(C) A statement of the accused that is otherwise admissible shall not be excluded from trial by military commission on grounds of alleged coercion or compulsory self-incrimination so long as the evidence complies with the provisions of section 948r of this title.

"(D) Evidence shall be admitted as authentic so long as—

"(i) the military judge of the military commission determines that there is sufficient basis to find that the evidence is what it is claimed to be; and

"(ii) the military judge instructs the members that they may consider any issue as to authentication or identification of evidence in determining the weight, if any, to be given to the evidence.

"(E)(i) Except as provided in clause (ii), hearsay evidence not otherwise admissible under the rules of evidence applicable in trial by general courts-martial may be admitted in a trial by military commission if the proponent of the evidence makes known to the adverse party, sufficiently in advance to provide

S. 3930—10

the adverse party with a fair opportunity to meet the evidence, the intention of the proponent to offer the evidence, and the particulars of the evidence (including information on the general circumstances under which the evidence was obtained). The disclosure of evidence under the preceding sentence is subject to the requirements and limitations applicable to the disclosure of classified information in section 949j(c) of this title.

"(ii) Hearsay evidence not otherwise admissible under the rules of evidence applicable in trial by general courts-martial shall not be admitted in a trial by military commission if the party opposing the admission of the evidence demonstrates that the evidence is unreliable or lacking in probative value.

"(F) The military judge shall exclude any evidence the probative value of which is substantially outweighed—

"(i) by the danger of unfair prejudice, confusion of the issues, or misleading the commission; or

"(ii) by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

"(3)(A) The accused in a military commission under this chapter who exercises the right to self-representation under paragraph (1)(D) shall conform his deportment and the conduct of the defense to the rules of evidence, procedure, and decorum applicable to trials by military commission.

"(B) Failure of the accused to conform to the rules described in subparagraph (A) may result in a partial or total revocation by the military judge of the right of self-representation under paragraph (1)(D). In such case, the detailed defense counsel of the accused or an appropriately authorized civilian counsel shall perform the functions necessary for the defense.

"(c) DELEGATION OF AUTHORITY TO PRESCRIBE REGULATIONS.— The Secretary of Defense may delegate the authority of the Secretary to prescribe regulations under this chapter.

"(d) NOTIFICATION TO CONGRESSIONAL COMMITTEES OF CHANGES TO PROCEDURES.—Not later than 60 days before the date on which any proposed modification of the procedures in effect for military commissions under this chapter goes into effect, the Secretary of Defense shall submit to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives a report describing the modification.

### "§ 949b. Unlawfully influencing action of military commission

"(a) IN GENERAL.—(1) No authority convening a military commission under this chapter may censure, reprimand, or admonish the military commission, or any member, military judge, or counsel thereof, with respect to the findings or sentence adjudged by the military commission, or with respect to any other exercises of its or his functions in the conduct of the proceedings.

"(2) No person may attempt to coerce or, by any unauthorized means, influence—

"(A) the action of a military commission under this chapter, or any member thereof, in reaching the findings or sentence in any case;

"(B) the action of any convening, approving, or reviewing authority with respect to his judicial acts; or

"(C) the exercise of professional judgment by trial counsel or defense counsel.

S. 3930—11

"(3) Paragraphs (1) and (2) do not apply with respect to—

"(A) general instructional or informational courses in military justice if such courses are designed solely for the purpose of instructing members of a command in the substantive and procedural aspects of military commissions; or

"(B) statements and instructions given in open proceedings by a military judge or counsel.

"(b) PROHIBITION ON CONSIDERATION OF ACTIONS ON COMMISSION IN EVALUATION OF FITNESS.—In the preparation of an effectiveness, fitness, or efficiency report or any other report or document used in whole or in part for the purpose of determining whether a commissioned officer of the armed forces is qualified to be advanced in grade, or in determining the assignment or transfer of any such officer or whether any such officer should be retained on active duty, no person may—

"(1) consider or evaluate the performance of duty of any member of a military commission under this chapter; or

"(2) give a less favorable rating or evaluation to any commissioned officer because of the zeal with which such officer, in acting as counsel, represented any accused before a military commission under this chapter.

**"§ 949c. Duties of trial counsel and defense counsel**

"(a) TRIAL COUNSEL.—The trial counsel of a military commission under this chapter shall prosecute in the name of the United States.

"(b) DEFENSE COUNSEL.—(1) The accused shall be represented in his defense before a military commission under this chapter as provided in this subsection.

"(2) The accused shall be represented by military counsel detailed under section 948k of this title.

"(3) The accused may be represented by civilian counsel if retained by the accused, but only if such civilian counsel—

"(A) is a United States citizen;

"(B) is admitted to the practice of law in a State, district, or possession of the United States or before a Federal court;

"(C) has not been the subject of any sanction of disciplinary action by any court, bar, or other competent governmental authority for relevant misconduct;

"(D) has been determined to be eligible for access to classified information that is classified at the level Secret or higher; and

"(E) has signed a written agreement to comply with all applicable regulations or instructions for counsel, including any rules of court for conduct during the proceedings.

"(4) Civilian defense counsel shall protect any classified information received during the course of representation of the accused in accordance with all applicable law governing the protection of classified information and may not divulge such information to any person not authorized to receive it.

"(5) If the accused is represented by civilian counsel, detailed military counsel shall act as associate counsel.

"(6) The accused is not entitled to be represented by more than one military counsel. However, the person authorized under regulations prescribed under section 948k of this title to detail counsel, in that person's sole discretion, may detail additional military counsel to represent the accused.

S. 3930—12

"(7) Defense counsel may cross-examine each witness for the prosecution who testifies before a military commission under this chapter.

**"§ 949d. Sessions**

"(a) SESSIONS WITHOUT PRESENCE OF MEMBERS.—(1) At any time after the service of charges which have been referred for trial by military commission under this chapter, the military judge may call the military commission into session without the presence of the members for the purpose of—

"(A) hearing and determining motions raising defenses or objections which are capable of determination without trial of the issues raised by a plea of not guilty;

"(B) hearing and ruling upon any matter which may be ruled upon by the military judge under this chapter, whether or not the matter is appropriate for later consideration or decision by the members;

"(C) if permitted by regulations prescribed by the Secretary of Defense, receiving the pleas of the accused; and

"(D) performing any other procedural function which may be performed by the military judge under this chapter or under rules prescribed pursuant to section 949a of this title and which does not require the presence of the members.

"(2) Except as provided in subsections (c) and (e), any proceedings under paragraph (1) shall—

"(A) be conducted in the presence of the accused, defense counsel, and trial counsel; and

"(B) be made part of the record.

"(b) PROCEEDINGS IN PRESENCE OF ACCUSED.—Except as provided in subsections (c) and (e), all proceedings of a military commission under this chapter, including any consultation of the members with the military judge or counsel, shall—

"(1) be in the presence of the accused, defense counsel, and trial counsel; and

"(2) be made a part of the record.

"(c) DELIBERATION OR VOTE OF MEMBERS.—When the members of a military commission under this chapter deliberate or vote, only the members may be present.

"(d) CLOSURE OF PROCEEDINGS.—(1) The military judge may close to the public all or part of the proceedings of a military commission under this chapter, but only in accordance with this subsection.

"(2) The military judge may close to the public all or a portion of the proceedings under paragraph (1) only upon making a specific finding that such closure is necessary to—

"(A) protect information the disclosure of which could reasonably be expected to cause damage to the national security, including intelligence or law enforcement sources, methods, or activities; or

"(B) ensure the physical safety of individuals.

"(3) A finding under paragraph (2) may be based upon a presentation, including a presentation ex parte or in camera, by either trial counsel or defense counsel.

"(e) EXCLUSION OF ACCUSED FROM CERTAIN PROCEEDINGS.— The military judge may exclude the accused from any portion of a proceeding upon a determination that, after being warned by

S. 3930—13

the military judge, the accused persists in conduct that justifies exclusion from the courtroom—

"(1) to ensure the physical safety of individuals; or

"(2) to prevent disruption of the proceedings by the accused.

"(f) PROTECTION OF CLASSIFIED INFORMATION.—

"(1) NATIONAL SECURITY PRIVILEGE.—(A) Classified information shall be protected and is privileged from disclosure if disclosure would be detrimental to the national security. The rule in the preceding sentence applies to all stages of the proceedings of military commissions under this chapter.

"(B) The privilege referred to in subparagraph (A) may be claimed by the head of the executive or military department or government agency concerned based on a finding by the head of that department or agency that—

"(i) the information is properly classified; and

"(ii) disclosure of the information would be detrimental to the national security.

"(C) A person who may claim the privilege referred to in subparagraph (A) may authorize a representative, witness, or trial counsel to claim the privilege and make the finding described in subparagraph (B) on behalf of such person. The authority of the representative, witness, or trial counsel to do so is presumed in the absence of evidence to the contrary.

"(2) INTRODUCTION OF CLASSIFIED INFORMATION.—

"(A) ALTERNATIVES TO DISCLOSURE.—To protect classified information from disclosure, the military judge, upon motion of trial counsel, shall authorize, to the extent practicable—

"(i) the deletion of specified items of classified information from documents to be introduced as evidence before the military commission;

"(ii) the substitution of a portion or summary of the information for such classified documents; or

"(iii) the substitution of a statement of relevant facts that the classified information would tend to prove.

"(B) PROTECTION OF SOURCES, METHODS, OR ACTIVITIES.—The military judge, upon motion of trial counsel, shall permit trial counsel to introduce otherwise admissible evidence before the military commission, while protecting from disclosure the sources, methods, or activities by which the United States acquired the evidence if the military judge finds that (i) the sources, methods, or activities by which the United States acquired the evidence are classified, and (ii) the evidence is reliable. The military judge may require trial counsel to present to the military commission and the defense, to the extent practicable and consistent with national security, an unclassified summary of the sources, methods, or activities by which the United States acquired the evidence.

"(C) ASSERTION OF NATIONAL SECURITY PRIVILEGE AT TRIAL.—During the examination of any witness, trial counsel may object to any question, line of inquiry, or motion to admit evidence that would require the disclosure of classified information. Following such an objection, the military judge shall take suitable action to safeguard such classified information. Such action may include the review

S. 3930—14

of trial counsel's claim of privilege by the military judge in camera and on an ex parte basis, and the delay of proceedings to permit trial counsel to consult with the department or agency concerned as to whether the national security privilege should be asserted.

"(3) CONSIDERATION OF PRIVILEGE AND RELATED MATE-RIALS.—A claim of privilege under this subsection, and any materials submitted in support thereof, shall, upon request of the Government, be considered by the military judge in camera and shall not be disclosed to the accused.

"(4) ADDITIONAL REGULATIONS.—The Secretary of Defense may prescribe additional regulations, consistent with this sub-section, for the use and protection of classified information during proceedings of military commissions under this chapter. A report on any regulations so prescribed, or modified, shall be submitted to the Committees on Armed Services of the Senate and the House of Representatives not later than 60 days before the date on which such regulations or modifications, as the case may be, go into effect.

## "§ 949e. Continuances

"The military judge in a military commission under this chapter may, for reasonable cause, grant a continuance to any party for such time, and as often, as may appear to be just.

## "§ 949f. Challenges

"(a) CHALLENGES AUTHORIZED.—The military judge and mem-bers of a military commission under this chapter may be challenged by the accused or trial counsel for cause stated to the commission. The military judge shall determine the relevance and validity of challenges for cause. The military judge may not receive a challenge to more than one person at a time. Challenges by trial counsel shall ordinarily be presented and decided before those by the accused are offered.

"(b) PEREMPTORY CHALLENGES.—Each accused and the trial counsel are entitled to one peremptory challenge. The military judge may not be challenged except for cause.

"(c) CHALLENGES AGAINST ADDITIONAL MEMBERS.—Whenever additional members are detailed to a military commission under this chapter, and after any challenges for cause against such addi-tional members are presented and decided, each accused and the trial counsel are entitled to one peremptory challenge against mem-bers not previously subject to peremptory challenge.

## "§ 949g. Oaths

"(a) IN GENERAL.—(1) Before performing their respective duties in a military commission under this chapter, military judges, mem-bers, trial counsel, defense counsel, reporters, and interpreters shall take an oath to perform their duties faithfully.

"(2) The form of the oath required by paragraph (1), the time and place of the taking thereof, the manner of recording the same, and whether the oath shall be taken for all cases in which duties are to be performed or for a particular case, shall be as prescribed in regulations of the Secretary of Defense. Those regulations may provide that—

"(A) an oath to perform faithfully duties as a military judge, trial counsel, or defense counsel may be taken at any

S. 3930—15

time by any judge advocate or other person certified to be qualified or competent for the duty; and

"(B) if such an oath is taken, such oath need not again be taken at the time the judge advocate or other person is detailed to that duty.

"(b) WITNESSES.—Each witness before a military commission under this chapter shall be examined on oath.

## "§ 949h. Former jeopardy

"(a) IN GENERAL.—No person may, without his consent, be tried by a military commission under this chapter a second time for the same offense.

"(b) SCOPE OF TRIAL.—No proceeding in which the accused has been found guilty by military commission under this chapter upon any charge or specification is a trial in the sense of this section until the finding of guilty has become final after review of the case has been fully completed.

## "§ 949i. Pleas of the accused

"(a) ENTRY OF PLEA OF NOT GUILTY.—If an accused in a military commission under this chapter after a plea of guilty sets up matter inconsistent with the plea, or if it appears that the accused has entered the plea of guilty through lack of understanding of its meaning and effect, or if the accused fails or refuses to plead, a plea of not guilty shall be entered in the record, and the military commission shall proceed as though the accused had pleaded not guilty.

"(b) FINDING OF GUILT AFTER GUILTY PLEA.—With respect to any charge or specification to which a plea of guilty has been made by the accused in a military commission under this chapter and accepted by the military judge, a finding of guilty of the charge or specification may be entered immediately without a vote. The finding shall constitute the finding of the commission unless the plea of guilty is withdrawn prior to announcement of the sentence, in which event the proceedings shall continue as though the accused had pleaded not guilty.

## "§ 949j. Opportunity to obtain witnesses and other evidence

"(a) RIGHT OF DEFENSE COUNSEL.—Defense counsel in a military commission under this chapter shall have a reasonable opportunity to obtain witnesses and other evidence as provided in regulations prescribed by the Secretary of Defense.

"(b) PROCESS FOR COMPULSION.—Process issued in a military commission under this chapter to compel witnesses to appear and testify and to compel the production of other evidence—

"(1) shall be similar to that which courts of the United States having criminal jurisdiction may lawfully issue; and

"(2) shall run to any place where the United States shall have jurisdiction thereof.

"(c) PROTECTION OF CLASSIFIED INFORMATION.—(1) With respect to the discovery obligations of trial counsel under this section, the military judge, upon motion of trial counsel, shall authorize, to the extent practicable—

"(A) the deletion of specified items of classified information from documents to be made available to the accused;

"(B) the substitution of a portion or summary of the information for such classified documents; or

S. 3930—16

"(C) the substitution of a statement admitting relevant facts that the classified information would tend to prove.

"(2) The military judge, upon motion of trial counsel, shall authorize trial counsel, in the course of complying with discovery obligations under this section, to protect from disclosure the sources, methods, or activities by which the United States acquired evidence if the military judge finds that the sources, methods, or activities by which the United States acquired such evidence are classified. The military judge may require trial counsel to provide, to the extent practicable, an unclassified summary of the sources, methods, or activities by which the United States acquired such evidence.

"(d) EXCULPATORY EVIDENCE.—(1) As soon as practicable, trial counsel shall disclose to the defense the existence of any evidence known to trial counsel that reasonably tends to exculpate the accused. Where exculpatory evidence is classified, the accused shall be provided with an adequate substitute in accordance with the procedures under subsection (c).

"(2) In this subsection, the term 'evidence known to trial counsel', in the case of exculpatory evidence, means exculpatory evidence that the prosecution would be required to disclose in a trial by general court-martial under chapter 47 of this title.

## "§ 949k. Defense of lack of mental responsibility

"(a) AFFIRMATIVE DEFENSE.—It is an affirmative defense in a trial by military commission under this chapter that, at the time of the commission of the acts constituting the offense, the accused, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of the acts. Mental disease or defect does not otherwise constitute a defense.

"(b) BURDEN OF PROOF.—The accused in a military commission under this chapter has the burden of proving the defense of lack of mental responsibility by clear and convincing evidence.

"(c) FINDINGS FOLLOWING ASSERTION OF DEFENSE.—Whenever lack of mental responsibility of the accused with respect to an offense is properly at issue in a military commission under this chapter, the military judge shall instruct the members of the commission as to the defense of lack of mental responsibility under this section and shall charge them to find the accused—

"(1) guilty;

"(2) not guilty; or

"(3) subject to subsection (d), not guilty by reason of lack of mental responsibility.

"(d) MAJORITY VOTE REQUIRED FOR FINDING.—The accused shall be found not guilty by reason of lack of mental responsibility under subsection (c)(3) only if a majority of the members present at the time the vote is taken determines that the defense of lack of mental responsibility has been established.

## "§ 949l. Voting and rulings

"(a) VOTE BY SECRET WRITTEN BALLOT.—Voting by members of a military commission under this chapter on the findings and on the sentence shall be by secret written ballot.

"(b) RULINGS.—(1) The military judge in a military commission under this chapter shall rule upon all questions of law, including the admissibility of evidence and all interlocutory questions arising during the proceedings.

S. 3930—17

"(2) Any ruling made by the military judge upon a question of law or an interlocutory question (other than the factual issue of mental responsibility of the accused) is conclusive and constitutes the ruling of the military commission. However, a military judge may change his ruling at any time during the trial.

"(c) INSTRUCTIONS PRIOR TO VOTE.—Before a vote is taken of the findings of a military commission under this chapter, the military judge shall, in the presence of the accused and counsel, instruct the members as to the elements of the offense and charge the members—

"(1) that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt;

"(2) that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and he must be acquitted;

"(3) that, if there is reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt; and

"(4) that the burden of proof to establish the guilt of the accused beyond a reasonable doubt is upon the United States.

## "§ 949m. Number of votes required

"(a) CONVICTION.—No person may be convicted by a military commission under this chapter of any offense, except as provided in section 949i(b) of this title or by concurrence of two-thirds of the members present at the time the vote is taken.

"(b) SENTENCES.—(1) No person may be sentenced by a military commission to suffer death, except insofar as—

"(A) the penalty of death is expressly authorized under this chapter or the law of war for an offense of which the accused has been found guilty;

"(B) trial counsel expressly sought the penalty of death by filing an appropriate notice in advance of trial;

"(C) the accused is convicted of the offense by the concurrence of all the members present at the time the vote is taken; and

"(D) all the members present at the time the vote is taken concur in the sentence of death.

"(2) No person may be sentenced to life imprisonment, or to confinement for more than 10 years, by a military commission under this chapter except by the concurrence of three-fourths of the members present at the time the vote is taken.

"(3) All other sentences shall be determined by a military commission by the concurrence of two-thirds of the members present at the time the vote is taken.

"(c) NUMBER OF MEMBERS REQUIRED FOR PENALTY OF DEATH.—(1) Except as provided in paragraph (2), in a case in which the penalty of death is sought, the number of members of the military commission under this chapter shall be not less than 12.

"(2) In any case described in paragraph (1) in which 12 members are not reasonably available because of physical conditions or military exigencies, the convening authority shall specify a lesser number of members for the military commission (but not fewer than 9 members), and the military commission may be assembled, and the trial held, with not fewer than the number of members so specified. In such a case, the convening authority shall make

S. 3930—18

a detailed written statement, to be appended to the record, stating why a greater number of members were not reasonably available.

**"§ 949n. Military commission to announce action**

"A military commission under this chapter shall announce its findings and sentence to the parties as soon as determined.

**"§ 949o. Record of trial**

"(a) RECORD; AUTHENTICATION.—Each military commission under this chapter shall keep a separate, verbatim, record of the proceedings in each case brought before it, and the record shall be authenticated by the signature of the military judge. If the record cannot be authenticated by the military judge by reason of his death, disability, or absence, it shall be authenticated by the signature of the trial counsel or by a member of the commission if the trial counsel is unable to authenticate it by reason of his death, disability, or absence. Where appropriate, and as provided in regulations prescribed by the Secretary of Defense, the record of a military commission under this chapter may contain a classified annex.

"(b) COMPLETE RECORD REQUIRED.—A complete record of the proceedings and testimony shall be prepared in every military commission under this chapter.

"(c) PROVISION OF COPY TO ACCUSED.—A copy of the record of the proceedings of the military commission under this chapter shall be given the accused as soon as it is authenticated. If the record contains classified information, or a classified annex, the accused shall be given a redacted version of the record consistent with the requirements of section 949d of this title. Defense counsel shall have access to the unredacted record, as provided in regulations prescribed by the Secretary of Defense.

"SUBCHAPTER V—SENTENCES

"Sec.
"949s. Cruel or unusual punishments prohibited.
"949t. Maximum limits.
"949u. Execution of confinement.

**"§ 949s. Cruel or unusual punishments prohibited**

"Punishment by flogging, or by branding, marking, or tattooing on the body, or any other cruel or unusual punishment, may not be adjudged by a military commission under this chapter or inflicted under this chapter upon any person subject to this chapter. The use of irons, single or double, except for the purpose of safe custody, is prohibited under this chapter.

**"§ 949t. Maximum limits**

"The punishment which a military commission under this chapter may direct for an offense may not exceed such limits as the President or Secretary of Defense may prescribe for that offense.

**"§ 949u. Execution of confinement**

"(a) IN GENERAL.—Under such regulations as the Secretary of Defense may prescribe, a sentence of confinement adjudged by a military commission under this chapter may be carried into execution by confinement—

"(1) in any place of confinement under the control of any of the armed forces; or

S. 3930—19

"(2) in any penal or correctional institution under the control of the United States or its allies, or which the United States may be allowed to use.

"(b) TREATMENT DURING CONFINEMENT BY OTHER THAN THE ARMED FORCES.—Persons confined under subsection (a)(2) in a penal or correctional institution not under the control of an armed force are subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the State, District of Columbia, or place in which the institution is situated.

"SUBCHAPTER VI—POST-TRIAL PROCEDURE AND REVIEW OF MILITARY COMMISSIONS

"Sec.
"950a. Error of law; lesser included offense.
"950b. Review by the convening authority.
"950c. Appellate referral; waiver or withdrawal of appeal.
"950d. Appeal by the United States.
"950e. Rehearings.
"950f. Review by Court of Military Commission Review.
"950g. Review by the United States Court of Appeals for the District of Columbia
        Circuit and the Supreme Court.
"950h. Appellate counsel.
"950i. Execution of sentence; procedures for execution of sentence of death.
"950j. Finality or proceedings, findings, and sentences.

## "§ 950a. Error of law; lesser included offense

"(a) ERROR OF LAW.—A finding or sentence of a military commission under this chapter may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.

"(b) LESSER INCLUDED OFFENSE.—Any reviewing authority with the power to approve or affirm a finding of guilty by a military commission under this chapter may approve or affirm, instead, so much of the finding as includes a lesser included offense.

## "§ 950b. Review by the convening authority

"(a) NOTICE TO CONVENING AUTHORITY OF FINDINGS AND SENTENCE.—The findings and sentence of a military commission under this chapter shall be reported in writing promptly to the convening authority after the announcement of the sentence.

"(b) SUBMITTAL OF MATTERS BY ACCUSED TO CONVENING AUTHORITY.—(1) The accused may submit to the convening authority matters for consideration by the convening authority with respect to the findings and the sentence of the military commission under this chapter.

"(2)(A) Except as provided in subparagraph (B), a submittal under paragraph (1) shall be made in writing within 20 days after the accused has been given an authenticated record of trial under section 949o(c) of this title.

"(B) If the accused shows that additional time is required for the accused to make a submittal under paragraph (1), the convening authority may, for good cause, extend the applicable period under subparagraph (A) for not more than an additional 20 days.

"(3) The accused may waive his right to make a submittal to the convening authority under paragraph (1). Such a waiver shall be made in writing and may not be revoked. For the purposes of subsection (c)(2), the time within which the accused may make

S. 3930—20

a submittal under this subsection shall be deemed to have expired upon the submittal of a waiver under this paragraph to the convening authority.

"(c) ACTION BY CONVENING AUTHORITY.—(1) The authority under this subsection to modify the findings and sentence of a military commission under this chapter is a matter of the sole discretion and prerogative of the convening authority.

"(2)(A) The convening authority shall take action on the sentence of a military commission under this chapter.

"(B) Subject to regulations prescribed by the Secretary of Defense, action on the sentence under this paragraph may be taken only after consideration of any matters submitted by the accused under subsection (b) or after the time for submitting such matters expires, whichever is earlier.

"(C) In taking action under this paragraph, the convening authority may, in his sole discretion, approve, disapprove, commute, or suspend the sentence in whole or in part. The convening authority may not increase a sentence beyond that which is found by the military commission.

"(3) The convening authority is not required to take action on the findings of a military commission under this chapter. If the convening authority takes action on the findings, the convening authority may, in his sole discretion, may—

        "(A) dismiss any charge or specification by setting aside a finding of guilty thereto; or

        "(B) change a finding of guilty to a charge to a finding of guilty to an offense that is a lesser included offense of the offense stated in the charge.

"(4) The convening authority shall serve on the accused or on defense counsel notice of any action taken by the convening authority under this subsection.

"(d) ORDER OF REVISION OR REHEARING.—(1) Subject to paragraphs (2) and (3), the convening authority of a military commission under this chapter may, in his sole discretion, order a proceeding in revision or a rehearing.

"(2)(A) Except as provided in subparagraph (B), a proceeding in revision may be ordered by the convening authority if—

        "(i) there is an apparent error or omission in the record; or

        "(ii) the record shows improper or inconsistent action by the military commission with respect to the findings or sentence that can be rectified without material prejudice to the substantial rights of the accused.

"(B) In no case may a proceeding in revision—

        "(i) reconsider a finding of not guilty of a specification or a ruling which amounts to a finding of not guilty;

        "(ii) reconsider a finding of not guilty of any charge, unless there has been a finding of guilty under a specification laid under that charge, which sufficiently alleges a violation; or

        "(iii) increase the severity of the sentence unless the sentence prescribed for the offense is mandatory.

"(3) A rehearing may be ordered by the convening authority if the convening authority disapproves the findings and sentence and states the reasons for disapproval of the findings. If the convening authority disapproves the finding and sentence and does not order a rehearing, the convening authority shall dismiss the charges. A rehearing as to the findings may not be ordered by

S. 3930—21

the convening authority when there is a lack of sufficient evidence in the record to support the findings. A rehearing as to the sentence may be ordered by the convening authority if the convening authority disapproves the sentence.

## "§ 950c. Appellate referral; waiver or withdrawal of appeal

"(a) AUTOMATIC REFERRAL FOR APPELLATE REVIEW.—Except as provided under subsection (b), in each case in which the final decision of a military commission (as approved by the convening authority) includes a finding of guilty, the convening authority shall refer the case to the Court of Military Commission Review. Any such referral shall be made in accordance with procedures prescribed under regulations of the Secretary.

"(b) WAIVER OF RIGHT OF REVIEW.—(1) In each case subject to appellate review under section 950f of this title, except a case in which the sentence as approved under section 950b of this title extends to death, the accused may file with the convening authority a statement expressly waiving the right of the accused to such review.

"(2) A waiver under paragraph (1) shall be signed by both the accused and a defense counsel.

"(3) A waiver under paragraph (1) must be filed, if at all, within 10 days after notice on the action is served on the accused or on defense counsel under section 950b(c)(4) of this title. The convening authority, for good cause, may extend the period for such filing by not more than 30 days.

"(c) WITHDRAWAL OF APPEAL.—Except in a case in which the sentence as approved under section 950b of this title extends to death, the accused may withdraw an appeal at any time.

"(d) EFFECT OF WAIVER OR WITHDRAWAL.—A waiver of the right to appellate review or the withdrawal of an appeal under this section bars review under section 950f of this title.

## "§ 950d. Appeal by the United States

"(a) INTERLOCUTORY APPEAL.—(1) Except as provided in paragraph (2), in a trial by military commission under this chapter, the United States may take an interlocutory appeal to the Court of Military Commission Review of any order or ruling of the military judge that—

    "(A) terminates proceedings of the military commission with respect to a charge or specification;

    "(B) excludes evidence that is substantial proof of a fact material in the proceeding; or

    "(C) relates to a matter under subsection (d), (e), or (f) of section 949d of this title or section 949j(c) of this title.

"(2) The United States may not appeal under paragraph (1) an order or ruling that is, or amounts to, a finding of not guilty by the military commission with respect to a charge or specification.

"(b) NOTICE OF APPEAL.—The United States shall take an appeal of an order or ruling under subsection (a) by filing a notice of appeal with the military judge within five days after the date of such order or ruling.

"(c) APPEAL.—An appeal under this section shall be forwarded, by means specified in regulations prescribed the Secretary of Defense, directly to the Court of Military Commission Review. In ruling on an appeal under this section, the Court may act only with respect to matters of law.

S. 3930—22

"(d) APPEAL FROM ADVERSE RULING.—The United States may appeal an adverse ruling on an appeal under subsection (c) to the United States Court of Appeals for the District of Columbia Circuit by filing a petition for review in the Court of Appeals within 10 days after the date of such ruling. Review under this subsection shall be at the discretion of the Court of Appeals.

**"§ 950e. Rehearings**

"(a) COMPOSITION OF MILITARY COMMISSION FOR REHEARING.— Each rehearing under this chapter shall take place before a military commission under this chapter composed of members who were not members of the military commission which first heard the case.

"(b) SCOPE OF REHEARING.—(1) Upon a rehearing—

"(A) the accused may not be tried for any offense of which he was found not guilty by the first military commission; and

"(B) no sentence in excess of or more than the original sentence may be imposed unless—

"(i) the sentence is based upon a finding of guilty of an offense not considered upon the merits in the original proceedings; or

"(ii) the sentence prescribed for the offense is mandatory.

"(2) Upon a rehearing, if the sentence approved after the first military commission was in accordance with a pretrial agreement and the accused at the rehearing changes his plea with respect to the charges or specifications upon which the pretrial agreement was based, or otherwise does not comply with pretrial agreement, the sentence as to those charges or specifications may include any punishment not in excess of that lawfully adjudged at the first military commission.

**"§ 950f. Review by Court of Military Commission Review**

"(a) ESTABLISHMENT.—The Secretary of Defense shall establish a Court of Military Commission Review which shall be composed of one or more panels, and each such panel shall be composed of not less than three appellate military judges. For the purpose of reviewing military commission decisions under this chapter, the court may sit in panels or as a whole in accordance with rules prescribed by the Secretary.

"(b) APPELLATE MILITARY JUDGES.—The Secretary shall assign appellate military judges to a Court of Military Commission Review. Each appellate military judge shall meet the qualifications for military judges prescribed by section 948j(b) of this title or shall be a civilian with comparable qualifications. No person may be serve as an appellate military judge in any case in which that person acted as a military judge, counsel, or reviewing official.

"(c) CASES TO BE REVIEWED.—The Court of Military Commission Review, in accordance with procedures prescribed under regulations of the Secretary, shall review the record in each case that is referred to the Court by the convening authority under section 950c of this title with respect to any matter of law raised by the accused.

"(d) SCOPE OF REVIEW.—In a case reviewed by the Court of Military Commission Review under this section, the Court may act only with respect to matters of law.

S. 3930—23

### "§ 950g. Review by the United States Court of Appeals for the District of Columbia Circuit and the Supreme Court

"(a) EXCLUSIVE APPELLATE JURISDICTION.—(1)(A) Except as provided in subparagraph (B), the United States Court of Appeals for the District of Columbia Circuit shall have exclusive jurisdiction to determine the validity of a final judgment rendered by a military commission (as approved by the convening authority) under this chapter.

"(B) The Court of Appeals may not review the final judgment until all other appeals under this chapter have been waived or exhausted.

"(2) A petition for review must be filed by the accused in the Court of Appeals not later than 20 days after the date on which—

"(A) written notice of the final decision of the Court of Military Commission Review is served on the accused or on defense counsel; or

"(B) the accused submits, in the form prescribed by section 950c of this title, a written notice waiving the right of the accused to review by the Court of Military Commission Review under section 950f of this title.

"(b) STANDARD FOR REVIEW.—In a case reviewed by it under this section, the Court of Appeals may act only with respect to matters of law.

"(c) SCOPE OF REVIEW.—The jurisdiction of the Court of Appeals on an appeal under subsection (a) shall be limited to the consideration of—

"(1) whether the final decision was consistent with the standards and procedures specified in this chapter; and

"(2) to the extent applicable, the Constitution and the laws of the United States.

"(d) SUPREME COURT.—The Supreme Court may review by writ of certiorari the final judgment of the Court of Appeals pursuant to section 1257 of title 28.

### "§ 950h. Appellate counsel

"(a) APPOINTMENT.—The Secretary of Defense shall, by regulation, establish procedures for the appointment of appellate counsel for the United States and for the accused in military commissions under this chapter. Appellate counsel shall meet the qualifications for counsel appearing before military commissions under this chapter.

"(b) REPRESENTATION OF UNITED STATES.—Appellate counsel appointed under subsection (a)—

"(1) shall represent the United States in any appeal or review proceeding under this chapter before the Court of Military Commission Review; and

"(2) may, when requested to do so by the Attorney General in a case arising under this chapter, represent the United States before the United States Court of Appeals for the District of Columbia Circuit or the Supreme Court.

"(c) REPRESENTATION OF ACCUSED.—The accused shall be represented by appellate counsel appointed under subsection (a) before the Court of Military Commission Review, the United States Court of Appeals for the District of Columbia Circuit, and the Supreme Court, and by civilian counsel if retained by the accused. Any

S. 3930—24

such civilian counsel shall meet the qualifications under paragraph (3) of section 949c(b) of this title for civilian counsel appearing before military commissions under this chapter and shall be subject to the requirements of paragraph (4) of that section.

**"§ 950i. Execution of sentence; procedures for execution of sentence of death**

"(a) IN GENERAL.—The Secretary of Defense is authorized to carry out a sentence imposed by a military commission under this chapter in accordance with such procedures as the Secretary may prescribe.

"(b) EXECUTION OF SENTENCE OF DEATH ONLY UPON APPROVAL BY THE PRESIDENT.—If the sentence of a military commission under this chapter extends to death, that part of the sentence providing for death may not be executed until approved by the President. In such a case, the President may commute, remit, or suspend the sentence, or any part thereof, as he sees fit.

"(c) EXECUTION OF SENTENCE OF DEATH ONLY UPON FINAL JUDGMENT OF LEGALITY OF PROCEEDINGS.—(1) If the sentence of a military commission under this chapter extends to death, the sentence may not be executed until there is a final judgment as to the legality of the proceedings (and with respect to death, approval under subsection (b)).

"(2) A judgment as to legality of proceedings is final for purposes of paragraph (1) when—

"(A) the time for the accused to file a petition for review by the Court of Appeals for the District of Columbia Circuit has expired and the accused has not filed a timely petition for such review and the case is not otherwise under review by that Court; or

"(B) review is completed in accordance with the judgment of the United States Court of Appeals for the District of Columbia Circuit and—

"(i) a petition for a writ of certiorari is not timely filed;

"(ii) such a petition is denied by the Supreme Court; or

"(iii) review is otherwise completed in accordance with the judgment of the Supreme Court.

"(d) SUSPENSION OF SENTENCE.—The Secretary of the Defense, or the convening authority acting on the case (if other than the Secretary), may suspend the execution of any sentence or part thereof in the case, except a sentence of death.

**"§ 950j. Finality or proceedings, findings, and sentences**

"(a) FINALITY.—The appellate review of records of trial provided by this chapter, and the proceedings, findings, and sentences of military commissions as approved, reviewed, or affirmed as required by this chapter, are final and conclusive. Orders publishing the proceedings of military commissions under this chapter are binding upon all departments, courts, agencies, and officers of the United States, except as otherwise provided by the President.

"(b) PROVISIONS OF CHAPTER SOLE BASIS FOR REVIEW OF MILITARY COMMISSION PROCEDURES AND ACTIONS.—Except as otherwise provided in this chapter and notwithstanding any other provision of law (including section 2241 of title 28 or any other habeas corpus provision), no court, justice, or judge shall have jurisdiction

S. 3930—25

to hear or consider any claim or cause of action whatsoever, including any action pending on or filed after the date of the enactment of the Military Commissions Act of 2006, relating to the prosecution, trial, or judgment of a military commission under this chapter, including challenges to the lawfulness of procedures of military commissions under this chapter.

"SUBCHAPTER VII—PUNITIVE MATTERS

"Sec.
"950p.    Statement of substantive offenses.
"950q.    Principals.
"950r.    Accessory after the fact.
"950s.    Conviction of lesser included offense.
"950t.    Attempts.
"950u.    Solicitation.
"950v.    Crimes triable by military commissions.
"950w.    Perjury and obstruction of justice; contempt.

## "§ 950p. Statement of substantive offenses

"(a) PURPOSE.—The provisions of this subchapter codify offenses that have traditionally been triable by military commissions. This chapter does not establish new crimes that did not exist before its enactment, but rather codifies those crimes for trial by military commission.

"(b) EFFECT.—Because the provisions of this subchapter (including provisions that incorporate definitions in other provisions of law) are declarative of existing law, they do not preclude trial for crimes that occurred before the date of the enactment of this chapter.

## "§ 950q. Principals

"Any person is punishable as a principal under this chapter who—

"(1) commits an offense punishable by this chapter, or aids, abets, counsels, commands, or procures its commission;

"(2) causes an act to be done which if directly performed by him would be punishable by this chapter; or

"(3) is a superior commander who, with regard to acts punishable under this chapter, knew, had reason to know, or should have known, that a subordinate was about to commit such acts or had done so and who failed to take the necessary and reasonable measures to prevent such acts or to punish the perpetrators thereof.

## "§ 950r. Accessory after the fact

"Any person subject to this chapter who, knowing that an offense punishable by this chapter has been committed, receives, comforts, or assists the offender in order to hinder or prevent his apprehension, trial, or punishment shall be punished as a military commission under this chapter may direct.

## "§ 950s. Conviction of lesser included offense

"An accused may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an attempt to commit either the offense charged or an offense necessarily included therein.

S. 3930—26

**"§ 950t. Attempts**

"(a) IN GENERAL.—Any person subject to this chapter who attempts to commit any offense punishable by this chapter shall be punished as a military commission under this chapter may direct.

"(b) SCOPE OF OFFENSE.—An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

"(c) EFFECT OF CONSUMMATION.—Any person subject to this chapter may be convicted of an attempt to commit an offense although it appears on the trial that the offense was consummated.

**"§ 950u. Solicitation**

"Any person subject to this chapter who solicits or advises another or others to commit one or more substantive offenses triable by military commission under this chapter shall, if the offense solicited or advised is attempted or committed, be punished with the punishment provided for the commission of the offense, but, if the offense solicited or advised is not committed or attempted, he shall be punished as a military commission under this chapter may direct.

**"§ 950v. Crimes triable by military commissions**

"(a) DEFINITIONS AND CONSTRUCTION.—In this section:

"(1) MILITARY OBJECTIVE.—The term 'military objective' means—

"(A) combatants; and

"(B) those objects during an armed conflict—

"(i) which, by their nature, location, purpose, or use, effectively contribute to the opposing force's warfighting or war-sustaining capability; and

"(ii) the total or partial destruction, capture, or neutralization of which would constitute a definite military advantage to the attacker under the circumstances at the time of the attack.

"(2) PROTECTED PERSON.—The term 'protected person' means any person entitled to protection under one or more of the Geneva Conventions, including—

"(A) civilians not taking an active part in hostilities;

"(B) military personnel placed hors de combat by sickness, wounds, or detention; and

"(C) military medical or religious personnel.

"(3) PROTECTED PROPERTY.—The term 'protected property' means property specifically protected by the law of war (such as buildings dedicated to religion, education, art, science or charitable purposes, historic monuments, hospitals, or places where the sick and wounded are collected), if such property is not being used for military purposes or is not otherwise a military objective. Such term includes objects properly identified by one of the distinctive emblems of the Geneva Conventions, but does not include civilian property that is a military objective.

"(4) CONSTRUCTION.—The intent specified for an offense under paragraph (1), (2), (3), (4), or (12) of subsection (b) precludes the applicability of such offense with regard to—

"(A) collateral damage; or

S. 3930—27

"(B) death, damage, or injury incident to a lawful attack.

"(b) OFFENSES.—The following offenses shall be triable by military commission under this chapter at any time without limitation:

"(1) MURDER OF PROTECTED PERSONS.—Any person subject to this chapter who intentionally kills one or more protected persons shall be punished by death or such other punishment as a military commission under this chapter may direct.

"(2) ATTACKING CIVILIANS.—Any person subject to this chapter who intentionally engages in an attack upon a civilian population as such, or individual civilians not taking active part in hostilities, shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(3) ATTACKING CIVILIAN OBJECTS.—Any person subject to this chapter who intentionally engages in an attack upon a civilian object that is not a military objective shall be punished as a military commission under this chapter may direct.

"(4) ATTACKING PROTECTED PROPERTY.—Any person subject to this chapter who intentionally engages in an attack upon protected property shall be punished as a military commission under this chapter may direct.

"(5) PILLAGING.—Any person subject to this chapter who intentionally and in the absence of military necessity appropriates or seizes property for private or personal use, without the consent of a person with authority to permit such appropriation or seizure, shall be punished as a military commission under this chapter may direct.

"(6) DENYING QUARTER.—Any person subject to this chapter who, with effective command or control over subordinate groups, declares, orders, or otherwise indicates to those groups that there shall be no survivors or surrender accepted, with the intent to threaten an adversary or to conduct hostilities such that there would be no survivors or surrender accepted, shall be punished as a military commission under this chapter may direct.

"(7) TAKING HOSTAGES.—Any person subject to this chapter who, having knowingly seized or detained one or more persons, threatens to kill, injure, or continue to detain such person or persons with the intent of compelling any nation, person other than the hostage, or group of persons to act or refrain from acting as an explicit or implicit condition for the safety or release of such person or persons, shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(8) EMPLOYING POISON OR SIMILAR WEAPONS.—Any person subject to this chapter who intentionally, as a method of warfare, employs a substance or weapon that releases a substance that causes death or serious and lasting damage to health in the ordinary course of events, through its asphyxiating, bacteriological, or toxic properties, shall be punished, if death

S. 3930—28

results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(9) USING PROTECTED PERSONS AS A SHIELD.—Any person subject to this chapter who positions, or otherwise takes advantage of, a protected person with the intent to shield a military objective from attack, or to shield, favor, or impede military operations, shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(10) USING PROTECTED PROPERTY AS A SHIELD.—Any person subject to this chapter who positions, or otherwise takes advantage of the location of, protected property with the intent to shield a military objective from attack, or to shield, favor, or impede military operations, shall be punished as a military commission under this chapter may direct.

"(11) TORTURE.—

"(A) OFFENSE.—Any person subject to this chapter who commits an act specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control for the purpose of obtaining information or a confession, punishment, intimidation, coercion, or any reason based on discrimination of any kind, shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(B) SEVERE MENTAL PAIN OR SUFFERING DEFINED.—In this section, the term 'severe mental pain or suffering' has the meaning given that term in section 2340(2) of title 18.

"(12) CRUEL OR INHUMAN TREATMENT.—

"(A) OFFENSE.—Any person subject to this chapter who commits an act intended to inflict severe or serious physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions), including serious physical abuse, upon another within his custody or control shall be punished, if death results to the victim, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to the victim, by such punishment, other than death, as a military commission under this chapter may direct.

"(B) DEFINITIONS.—In this paragraph:

"(i) The term 'serious physical pain or suffering' means bodily injury that involves—

"(I) a substantial risk of death;

"(II) extreme physical pain;

S. 3930—29

"(III) a burn or physical disfigurement of a serious nature (other than cuts, abrasions, or bruises); or

"(IV) significant loss or impairment of the function of a bodily member, organ, or mental faculty.

"(ii) The term 'severe mental pain or suffering' has the meaning given that term in section 2340(2) of title 18.

"(iii) The term 'serious mental pain or suffering' has the meaning given the term 'severe mental pain or suffering' in section 2340(2) of title 18, except that—

"(I) the term 'serious' shall replace the term 'severe' where it appears; and

"(II) as to conduct occurring after the date of the enactment of the Military Commissions Act of 2006, the term 'serious and non-transitory mental harm (which need not be prolonged)' shall replace the term 'prolonged mental harm' where it appears.

"(13) INTENTIONALLY CAUSING SERIOUS BODILY INJURY.—

"(A) OFFENSE.—Any person subject to this chapter who intentionally causes serious bodily injury to one or more persons, including lawful combatants, in violation of the law of war shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(B) SERIOUS BODILY INJURY DEFINED.—In this paragraph, the term 'serious bodily injury' means bodily injury which involves—

"(i) a substantial risk of death;

"(ii) extreme physical pain;

"(iii) protracted and obvious disfigurement; or

"(iv) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

"(14) MUTILATING OR MAIMING.—Any person subject to this chapter who intentionally injures one or more protected persons by disfiguring the person or persons by any mutilation of the person or persons, or by permanently disabling any member, limb, or organ of the body of the person or persons, without any legitimate medical or dental purpose, shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(15) MURDER IN VIOLATION OF THE LAW OF WAR.—Any person subject to this chapter who intentionally kills one or more persons, including lawful combatants, in violation of the law of war shall be punished by death or such other punishment as a military commission under this chapter may direct.

"(16) DESTRUCTION OF PROPERTY IN VIOLATION OF THE LAW OF WAR.—Any person subject to this chapter who intentionally destroys property belonging to another person in violation of

S. 3930—30

the law of war shall punished as a military commission under this chapter may direct.

"(17) USING TREACHERY OR PERFIDY.—Any person subject to this chapter who, after inviting the confidence or belief of one or more persons that they were entitled to, or obliged to accord, protection under the law of war, intentionally makes use of that confidence or belief in killing, injuring, or capturing such person or persons shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(18) IMPROPERLY USING A FLAG OF TRUCE.—Any person subject to this chapter who uses a flag of truce to feign an intention to negotiate, surrender, or otherwise suspend hostilities when there is no such intention shall be punished as a military commission under this chapter may direct.

"(19) IMPROPERLY USING A DISTINCTIVE EMBLEM.—Any person subject to this chapter who intentionally uses a distinctive emblem recognized by the law of war for combatant purposes in a manner prohibited by the law of war shall be punished as a military commission under this chapter may direct.

"(20) INTENTIONALLY MISTREATING A DEAD BODY.—Any person subject to this chapter who intentionally mistreats the body of a dead person, without justification by legitimate military necessity, shall be punished as a military commission under this chapter may direct.

"(21) RAPE.—Any person subject to this chapter who forcibly or with coercion or threat of force wrongfully invades the body of a person by penetrating, however slightly, the anal or genital opening of the victim with any part of the body of the accused, or with any foreign object, shall be punished as a military commission under this chapter may direct.

"(22) SEXUAL ASSAULT OR ABUSE.—Any person subject to this chapter who forcibly or with coercion or threat of force engages in sexual contact with one or more persons, or causes one or more persons to engage in sexual contact, shall be punished as a military commission under this chapter may direct.

"(23) HIJACKING OR HAZARDING A VESSEL OR AIRCRAFT.— Any person subject to this chapter who intentionally seizes, exercises unauthorized control over, or endangers the safe navigation of a vessel or aircraft that is not a legitimate military objective shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(24) TERRORISM.—Any person subject to this chapter who intentionally kills or inflicts great bodily harm on one or more protected persons, or intentionally engages in an act that evinces a wanton disregard for human life, in a manner calculated to influence or affect the conduct of government or civilian population by intimidation or coercion, or to retaliate against government conduct, shall be punished, if death results

S. 3930—31

to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

"(25) PROVIDING MATERIAL SUPPORT FOR TERRORISM.—

"(A) OFFENSE.—Any person subject to this chapter who provides material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, an act of terrorism (as set forth in paragraph (24)), or who intentionally provides material support or resources to an international terrorist organization engaged in hostilities against the United States, knowing that such organization has engaged or engages in terrorism (as so set forth), shall be punished as a military commission under this chapter may direct.

"(B) MATERIAL SUPPORT OR RESOURCES DEFINED.—In this paragraph, the term 'material support or resources' has the meaning given that term in section 2339A(b) of title 18.

"(26) WRONGFULLY AIDING THE ENEMY.—Any person subject to this chapter who, in breach of an allegiance or duty to the United States, knowingly and intentionally aids an enemy of the United States, or one of the co-belligerents of the enemy, shall be punished as a military commission under this chapter may direct.

"(27) SPYING.—Any person subject to this chapter who with intent or reason to believe that it is to be used to the injury of the United States or to the advantage of a foreign power, collects or attempts to collect information by clandestine means or while acting under false pretenses, for the purpose of conveying such information to an enemy of the United States, or one of the co-belligerents of the enemy, shall be punished by death or such other punishment as a military commission under this chapter may direct.

"(28) CONSPIRACY.—Any person subject to this chapter who conspires to commit one or more substantive offenses triable by military commission under this chapter, and who knowingly does any overt act to effect the object of the conspiracy, shall be punished, if death results to one or more of the victims, by death or such other punishment as a military commission under this chapter may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a military commission under this chapter may direct.

## "§ 950w. Perjury and obstruction of justice; contempt

"(a) PERJURY AND OBSTRUCTION OF JUSTICE.—A military commission under this chapter may try offenses and impose such punishment as the military commission may direct for perjury, false testimony, or obstruction of justice related to military commissions under this chapter.

"(b) CONTEMPT.—A military commission under this chapter may punish for contempt any person who uses any menacing word, sign, or gesture in its presence, or who disturbs its proceedings by any riot or disorder.".

(2) TABLES OF CHAPTERS AMENDMENTS.—The tables of chapters at the beginning of subtitle A, and at the beginning of

S. 3930—32

part II of subtitle A, of title 10, United States Code, are each amended by inserting after the item relating to chapter 47 the following new item:

"47A. Military Commissions ............................................................................ 948a".

(b) SUBMITTAL OF PROCEDURES TO CONGRESS.—Not later than 90 days after the date of the enactment of this Act, the Secretary of Defense shall submit to the Committees on Armed Services of the Senate and the House of Representatives a report setting forth the procedures for military commissions prescribed under chapter 47A of title 10, United States Code (as added by subsection (a)).

## SEC. 4. AMENDMENTS TO UNIFORM CODE OF MILITARY JUSTICE.

(a) CONFORMING AMENDMENTS.—Chapter 47 of title 10, United States Code (the Uniform Code of Military Justice), is amended as follows:

(1) APPLICABILITY TO LAWFUL ENEMY COMBATANTS.—Section 802(a) (article 2(a)) is amended by adding at the end the following new paragraph:

"(13) Lawful enemy combatants (as that term is defined in section 948a(2) of this title) who violate the law of war.".

(2) EXCLUSION OF APPLICABILITY TO CHAPTER 47A COMMISSIONS.—Sections 821, 828, 848, 850(a), 904, and 906 (articles 21, 28, 48, 50(a), 104, and 106) are amended by adding at the end the following new sentence: "This section does not apply to a military commission established under chapter 47A of this title.".

(3) INAPPLICABILITY OF REQUIREMENTS RELATING TO REGULATIONS.—Section 836 (article 36) is amended—

(A) in subsection (a), by inserting ", except as provided in chapter 47A of this title," after "but which may not"; and

(B) in subsection (b), by inserting before the period at the end ", except insofar as applicable to military commissions established under chapter 47A of this title".

(b) PUNITIVE ARTICLE OF CONSPIRACY.—Section 881 of title 10, United States Code (article 81 of the Uniform Code of Military Justice), is amended—

(1) by inserting "(a)" before "Any person"; and

(2) by adding at the end the following new subsection:

"(b) Any person subject to this chapter who conspires with any other person to commit an offense under the law of war, and who knowingly does an overt act to effect the object of the conspiracy, shall be punished, if death results to one or more of the victims, by death or such other punishment as a court-martial or military commission may direct, and, if death does not result to any of the victims, by such punishment, other than death, as a court-martial or military commission may direct.".

## SEC. 5. TREATY OBLIGATIONS NOT ESTABLISHING GROUNDS FOR CERTAIN CLAIMS.

(a) IN GENERAL.—No person may invoke the Geneva Conventions or any protocols thereto in any habeas corpus or other civil action or proceeding to which the United States, or a current or former officer, employee, member of the Armed Forces, or other agent of the United States is a party as a source of rights in any court of the United States or its States or territories.

S. 3930—33

(b) GENEVA CONVENTIONS DEFINED.—In this section, the term "Geneva Conventions" means—

(1) the Convention for the Amelioration of the Condition of the Wounded and Sick in Armed Forces in the Field, done at Geneva August 12, 1949 (6 UST 3114);

(2) the Convention for the Amelioration of the Condition of the Wounded, Sick, and Shipwrecked Members of the Armed Forces at Sea, done at Geneva August 12, 1949 (6 UST 3217);

(3) the Convention Relative to the Treatment of Prisoners of War, done at Geneva August 12, 1949 (6 UST 3316); and

(4) the Convention Relative to the Protection of Civilian Persons in Time of War, done at Geneva August 12, 1949 (6 UST 3516).

**SEC. 6. IMPLEMENTATION OF TREATY OBLIGATIONS.**

(a) IMPLEMENTATION OF TREATY OBLIGATIONS.—

(1) IN GENERAL.—The acts enumerated in subsection (d) of section 2441 of title 18, United States Code, as added by subsection (b) of this section, and in subsection (c) of this section, constitute violations of common Article 3 of the Geneva Conventions prohibited by United States law.

(2) PROHIBITION ON GRAVE BREACHES.—The provisions of section 2441 of title 18, United States Code, as amended by this section, fully satisfy the obligation under Article 129 of the Third Geneva Convention for the United States to provide effective penal sanctions for grave breaches which are encompassed in common Article 3 in the context of an armed conflict not of an international character. No foreign or international source of law shall supply a basis for a rule of decision in the courts of the United States in interpreting the prohibitions enumerated in subsection (d) of such section 2441.

(3) INTERPRETATION BY THE PRESIDENT.—

(A) As provided by the Constitution and by this section, the President has the authority for the United States to interpret the meaning and application of the Geneva Conventions and to promulgate higher standards and administrative regulations for violations of treaty obligations which are not grave breaches of the Geneva Conventions.

(B) The President shall issue interpretations described by subparagraph (A) by Executive Order published in the Federal Register.

(C) Any Executive Order published under this paragraph shall be authoritative (except as to grave breaches of common Article 3) as a matter of United States law, in the same manner as other administrative regulations.

(D) Nothing in this section shall be construed to affect the constitutional functions and responsibilities of Congress and the judicial branch of the United States.

(4) DEFINITIONS.—In this subsection:

(A) GENEVA CONVENTIONS.—The term "Geneva Conventions" means—

(i) the Convention for the Amelioration of the Condition of the Wounded and Sick in Armed Forces in the Field, done at Geneva August 12, 1949 (6 UST 3217);

S. 3930—34

(ii) the Convention for the Amelioration of the Condition of the Wounded, Sick, and Shipwrecked Members of the Armed Forces at Sea, done at Geneva August 12, 1949 (6 UST 3217);

(iii) the Convention Relative to the Treatment of Prisoners of War, done at Geneva August 12, 1949 (6 UST 3316); and

(iv) the Convention Relative to the Protection of Civilian Persons in Time of War, done at Geneva August 12, 1949 (6 UST 3516).

(B) THIRD GENEVA CONVENTION.—The term "Third Geneva Convention" means the international convention referred to in subparagraph (A)(iii).

(b) REVISION TO WAR CRIMES OFFENSE UNDER FEDERAL CRIMINAL CODE.—

(1) IN GENERAL.—Section 2441 of title 18, United States Code, is amended—

(A) in subsection (c), by striking paragraph (3) and inserting the following new paragraph (3):

"(3) which constitutes a grave breach of common Article 3 (as defined in subsection (d)) when committed in the context of and in association with an armed conflict not of an international character; or"; and

(B) by adding at the end the following new subsection:

"(d) COMMON ARTICLE 3 VIOLATIONS.—

"(1) PROHIBITED CONDUCT.—In subsection (c)(3), the term 'grave breach of common Article 3' means any conduct (such conduct constituting a grave breach of common Article 3 of the international conventions done at Geneva August 12, 1949), as follows:

"(A) TORTURE.—The act of a person who commits, or conspires or attempts to commit, an act specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or physical control for the purpose of obtaining information or a confession, punishment, intimidation, coercion, or any reason based on discrimination of any kind.

"(B) CRUEL OR INHUMAN TREATMENT.—The act of a person who commits, or conspires or attempts to commit, an act intended to inflict severe or serious physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions), including serious physical abuse, upon another within his custody or control.

"(C) PERFORMING BIOLOGICAL EXPERIMENTS.—The act of a person who subjects, or conspires or attempts to subject, one or more persons within his custody or physical control to biological experiments without a legitimate medical or dental purpose and in so doing endangers the body or health of such person or persons.

"(D) MURDER.—The act of a person who intentionally kills, or conspires or attempts to kill, or kills whether intentionally or unintentionally in the course of committing any other offense under this subsection, one or more persons taking no active part in the hostilities, including those placed out of combat by sickness, wounds, detention, or any other cause.

S. 3930—35

"(E) MUTILATION OR MAIMING.—The act of a person who intentionally injures, or conspires or attempts to injure, or injures whether intentionally or unintentionally in the course of committing any other offense under this subsection, one or more persons taking no active part in the hostilities, including those placed out of combat by sickness, wounds, detention, or any other cause, by disfiguring the person or persons by any mutilation thereof or by permanently disabling any member, limb, or organ of his body, without any legitimate medical or dental purpose.

"(F) INTENTIONALLY CAUSING SERIOUS BODILY INJURY.— The act of a person who intentionally causes, or conspires or attempts to cause, serious bodily injury to one or more persons, including lawful combatants, in violation of the law of war.

"(G) RAPE.—The act of a person who forcibly or with coercion or threat of force wrongfully invades, or conspires or attempts to invade, the body of a person by penetrating, however slightly, the anal or genital opening of the victim with any part of the body of the accused, or with any foreign object.

"(H) SEXUAL ASSAULT OR ABUSE.—The act of a person who forcibly or with coercion or threat of force engages, or conspires or attempts to engage, in sexual contact with one or more persons, or causes, or conspires or attempts to cause, one or more persons to engage in sexual contact.

"(I) TAKING HOSTAGES.—The act of a person who, having knowingly seized or detained one or more persons, threatens to kill, injure, or continue to detain such person or persons with the intent of compelling any nation, person other than the hostage, or group of persons to act or refrain from acting as an explicit or implicit condition for the safety or release of such person or persons.

"(2) DEFINITIONS.—In the case of an offense under subsection (a) by reason of subsection (c)(3)—

"(A) the term 'severe mental pain or suffering' shall be applied for purposes of paragraphs (1)(A) and (1)(B) in accordance with the meaning given that term in section 2340(2) of this title;

"(B) the term 'serious bodily injury' shall be applied for purposes of paragraph (1)(F) in accordance with the meaning given that term in section 113(b)(2) of this title;

"(C) the term 'sexual contact' shall be applied for purposes of paragraph (1)(G) in accordance with the meaning given that term in section 2246(3) of this title;

"(D) the term 'serious physical pain or suffering' shall be applied for purposes of paragraph (1)(B) as meaning bodily injury that involves—

"(i) a substantial risk of death;

"(ii) extreme physical pain;

"(iii) a burn or physical disfigurement of a serious nature (other than cuts, abrasions, or bruises); or

"(iv) significant loss or impairment of the function of a bodily member, organ, or mental faculty; and

"(E) the term 'serious mental pain or suffering' shall be applied for purposes of paragraph (1)(B) in accordance

S. 3930—36

with the meaning given the term 'severe mental pain or suffering' (as defined in section 2340(2) of this title), except that—

"(i) the term 'serious' shall replace the term 'severe' where it appears; and

"(ii) as to conduct occurring after the date of the enactment of the Military Commissions Act of 2006, the term 'serious and non-transitory mental harm (which need not be prolonged)' shall replace the term 'prolonged mental harm' where it appears.

"(3) INAPPLICABILITY OF CERTAIN PROVISIONS WITH RESPECT TO COLLATERAL DAMAGE OR INCIDENT OF LAWFUL ATTACK.— The intent specified for the conduct stated in subparagraphs (D), (E), and (F) or paragraph (1) precludes the applicability of those subparagraphs to an offense under subsection (a) by reasons of subsection (c)(3) with respect to—

"(A) collateral damage; or

"(B) death, damage, or injury incident to a lawful attack.

"(4) INAPPLICABILITY OF TAKING HOSTAGES TO PRISONER EXCHANGE.—Paragraph (1)(I) does not apply to an offense under subsection (a) by reason of subsection (c)(3) in the case of a prisoner exchange during wartime.

"(5) DEFINITION OF GRAVE BREACHES.—The definitions in this subsection are intended only to define the grave breaches of common Article 3 and not the full scope of United States obligations under that Article.".

(2) RETROACTIVE APPLICABILITY.—The amendments made by this subsection, except as specified in subsection (d)(2)(E) of section 2441 of title 18, United States Code, shall take effect as of November 26, 1997, as if enacted immediately after the amendments made by section 583 of Public Law 105–118 (as amended by section 4002(e)(7) of Public Law 107–273).

(c) ADDITIONAL PROHIBITION ON CRUEL, INHUMAN, OR DEGRADING TREATMENT OR PUNISHMENT.—

(1) IN GENERAL.—No individual in the custody or under the physical control of the United States Government, regardless of nationality or physical location, shall be subject to cruel, inhuman, or degrading treatment or punishment.

(2) CRUEL, INHUMAN, OR DEGRADING TREATMENT OR PUNISHMENT DEFINED.—In this subsection, the term "cruel, inhuman, or degrading treatment or punishment" means cruel, unusual, and inhumane treatment or punishment prohibited by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, as defined in the United States Reservations, Declarations and Understandings to the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment done at New York, December 10, 1984.

(3) COMPLIANCE.—The President shall take action to ensure compliance with this subsection, including through the establishment of administrative rules and procedures.

**SEC. 7. HABEAS CORPUS MATTERS.**

(a) IN GENERAL.—Section 2241 of title 28, United States Code, is amended by striking both the subsection (e) added by section

S. 3930—37

1005(e)(1) of Public Law 109–148 (119 Stat. 2742) and the sub-
section (e) added by added by section 1405(e)(1) of Public Law
109–163 (119 Stat. 3477) and inserting the following new subsection
(e):

"(e)(1) No court, justice, or judge shall have jurisdiction to
hear or consider an application for a writ of habeas corpus filed
by or on behalf of an alien detained by the United States who
has been determined by the United States to have been properly
detained as an enemy combatant or is awaiting such determination.

"(2) Except as provided in paragraphs (2) and (3) of section
1005(e) of the Detainee Treatment Act of 2005 (10 U.S.C. 801
note), no court, justice, or judge shall have jurisdiction to hear
or consider any other action against the United States or its agents
relating to any aspect of the detention, transfer, treatment, trial,
or conditions of confinement of an alien who is or was detained
by the United States and has been determined by the United
States to have been properly detained as an enemy combatant
or is awaiting such determination.".

(b) EFFECTIVE DATE.—The amendment made by subsection (a)
shall take effect on the date of the enactment of this Act, and
shall apply to all cases, without exception, pending on or after
the date of the enactment of this Act which relate to any aspect
of the detention, transfer, treatment, trial, or conditions of detention
of an alien detained by the United States since September 11,
2001.

## SEC. 8. REVISIONS TO DETAINEE TREATMENT ACT OF 2005 RELATING TO PROTECTION OF CERTAIN UNITED STATES GOVERN-MENT PERSONNEL.

(a) COUNSEL AND INVESTIGATIONS.—Section 1004(b) of the
Detainee Treatment Act of 2005 (42 U.S.C. 2000dd–1(b)) is
amended—

(1) by striking "may provide" and inserting "shall provide";

(2) by inserting "or investigation" after "criminal prosecu-
tion"; and

(3) by inserting "whether before United States courts or
agencies, foreign courts or agencies, or international courts
or agencies," after "described in that subsection".

(b) PROTECTION OF PERSONNEL.—Section 1004 of the Detainee
Treatment Act of 2005 (42 U.S.C. 2000dd–1) shall apply with respect
to any criminal prosecution that—

(1) relates to the detention and interrogation of aliens
described in such section;

(2) is grounded in section 2441(c)(3) of title 18, United
States Code; and

(3) relates to actions occurring between September 11,
2001, and December 30, 2005.

## SEC. 9. REVIEW OF JUDGMENTS OF MILITARY COMMISSIONS.

Section 1005(e)(3) of the Detainee Treatment Act of 2005 (title
X of Public Law 109–148; 119 Stat. 2740; 10 U.S.C. 801 note)
is amended—

(1) in subparagraph (A), by striking "pursuant to Military
Commission Order No. 1. dated August 31, 2005 (or any suc-
cessor military order)" and inserting "by a military commission
under chapter 47A of title 10, United States Code";

(2) by striking subparagraph (B) and inserting the following
new subparagraph (B):

"(B) GRANT OF REVIEW.—Review under this paragraph shall be as of right.";

(3) in subparagraph (C)—

(A) in clause (i)—

(i) by striking "pursuant to the military order" and inserting "by a military commission"; and

(ii) by striking "at Guantanamo Bay, Cuba"; and

(B) in clause (ii), by striking "pursuant to such military order" and inserting "by the military commission"; and

(4) in subparagraph (D)(i), by striking "specified in the military order" and inserting "specified for a military commission".

**SEC. 10. DETENTION COVERED BY REVIEW OF DECISIONS OF COMBATANT STATUS REVIEW TRIBUNALS OF PROPRIETY OF DETENTION.**

Section 1005(e)(2)(B)(i) of the Detainee Treatment Act of 2005 (title X of Public Law 109–148; 119 Stat. 2742; 10 U.S.C. 801 note) is amended by striking "the Department of Defense at Guantanamo Bay, Cuba" and inserting "the United States".

*Speaker of the House of Representatives.*

*Vice President of the United States and*
*President of the Senate.*