**PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BENDER AYED HAMOUD HEZAM AL-OTEIBI AL-SHABANY, *et al.*, | ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-2029 (JDB)(ECF) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## PETITIONERS' MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE

Petitioners, by and through undersigned counsel, respectfully submit this memorandum in response to the Court's Order, entered July 17, 2007, to show cause why Petitioners' *habeas corpus* petition should not be dismissed as moot in light of Respondents' notice that Petitioner Bender Ayed Hamoud Hezam Al-Oteibi Al-Shabany ("Petitioner Al Otaibi"[1]) has been transferred to the custody of the Kingdom of Saudi Arabia. As discussed herein, Petitioners' *habeas* petition should not be dismissed.

This Court retains subject matter jurisdiction over Petitioners' *habeas* petition. The Court of Appeals' divided decision in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"); the commentary by Justices of the Supreme Court in initially denying *certiorari*, *Boumediene v. Bush*, 127 S. Ct. 1478 (2007) ("*Boumediene II*"); and the Supreme Court's June 29, 2007 order granting the petition for rehearing, vacating its prior denial of the

---

[1] The spelling of Petitioner's name is properly rendered "Bandar Al Otaibi."

petition for writ of *certiorari*, and granting *certiorari* in *Boumediene v. Bush*, 127 S. Ct. 3078 (2007) ("*Boumediene III*"), all demonstrate that Petitioners' *habeas* claims are not foreclosed.

Further, the transfer of Petitioner Al Otaibi to Saudi Arabia did not automatically moot his *habeas* petition because he continues to suffer the collateral consequences of his unlawful detention and Respondents' designation of him as an "enemy combatant." The Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, 119 Stat. 2739, does not provide Petitioner Al Otaibi with a constitutionally adequate substitution of *habeas corpus* because, as a result of his transfer, the Court of Appeals lacks jurisdiction to hear a challenge to his "enemy combatant" designation. Dismissal of this petition will irreparably harm Petitioner Al Otaibi because it will leave him without any legal recourse.

## BACKGROUND

Petitioners filed a Petition For Writ of *Habeas Corpus* ("Petition") on October 14, 2005, challenging both Petitioner Al Otaibi's unlawful detention at Guantánamo and his designation as an "enemy combatant." *See* Petition (dkt. no. 1). On July 17, 2007, Respondents notified Petitioners' counsel and the Court that "the United States has relinquished custody" of Petitioner Al Otaibi and "transferred him to the control of the Government of the Kingdom of Saudi Arabia." Notice of Transfer of Petitioner (dkt. no. 47). In that notice, Respondents did not indicate that they had withdrawn their designation of Petitioner Al Otaibi as an "enemy combatant." Petitioner Al Otaibi is currently being detained by Saudi authorities.

## ARGUMENT

**I.    THE COURT RETAINS SUBJECT MATTER JURISDICTION OVER PETITIONERS' *HABEAS* ACTION AS LONG AS PETITIONERS' CLAIMS ARE NOT FRIVOLOUS AND HAVE NOT BEEN DECIDED ON THE MERITS BY THE SUPREME COURT**

The Court retains the authority to decide its own jurisdiction in the first instance. *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2155 (2006). In *Steel Company* v. *Citizens for a Better Environment*, 523 U.S. 83 (1998), the Supreme Court made it clear that a federal district court's jurisdiction is not defeated by the mere possibility that a petitioner may fail to state a claim upon which the petitioner could actually recover. Rather, the district court maintains subject matter jurisdiction as long as there is a non-frivolous argument that the laws and the Constitution of the United States support the petitioner's claim:

> [T]he district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another" unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."

*Id.* at 89 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83, 685 (1946)). Further, *Steel Company* establishes that dismissal for lack of subject matter jurisdiction is only appropriate if the *Supreme Court* has ruled adversely on the merits, or where the claim is patently frivolous. *Id.* ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, *foreclosed by prior decisions of this Court*, or otherwise completely devoid of merit as not to involve a federal controversy.") (emphasis added) (citation and internal quotation marks omitted).

- 3 -

Here, the dissenting opinions in *Boumediene I* and *Boumediene II* demonstrate that there exists a colorable reading of the Constitution and the laws of the United States that would sustain this Court's jurisdiction over Petitioners' *habeas* claims. *See Boumediene I*, 476 F.3d at 994-1012 (Rogers, J., dissenting); *Boumediene II*, 127 S. Ct. at 1479-81 (Breyer, Souter, and Ginsburg, JJ., dissenting from denial of *certiorari*). The validity of this reading has been bolstered substantially by the Supreme Court's order in *Boumediene III*, which required the votes of five Justices.[2] The Supreme Court will hear arguments next term. In the meantime, Petitioners should not be denied their right to maintain their *habeas* action in this Court.

## II.    NOTWITHSTANDING PETITIONER AL OTAIBI'S TRANSFER, THIS COURT CAN AND SHOULD RESOLVE THE QUESTION WHETHER HE WAS UNLAWFULLY DETAINED AS AN "ENEMY COMBATANT"

It is well-established that release from custody does not by itself moot a *habeas* case. *See, e.g.*, Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice & Procedure* § 8.2b, at 394-99 (5th ed. 2005) (collecting cases). Courts have long held that a *habeas* petition remains justiciable notwithstanding the release of the petitioner if the conviction or detention being challenged may result in "collateral consequences" that outlast the petitioner's confinement. *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968); *In re Ballay*, 482 F.2d 648, 651-52 (D.C. Cir. 1973); *Justin v. Jacobs*, 449 F.2d 1017, 1019 (D.C. Cir. 1971) ("[A] case remains 'live' if a party may thereafter encounter adverse effects of the event in issue."). Respondents cannot demonstrate that Petitioner Al Otaibi will suffer no collateral consequences from his many years of detention at Guantánamo.

---

[2] On July 26, 2007, in light of the *Boumediene III* order, the Court of Appeals recalled the mandate issued in *Boumediene I*.

Petitioner Al Otaibi was imprisoned at Guantánamo for more than five years and was designated by Respondents as an "enemy combatant." *See generally* Petition. His interest in vindicating his rights and avoiding the consequences of this unlawful designation is just as strong – if not stronger – as in the case of a traditional *habeas* petitioner asserting a collateral attack on a prior conviction. And the collateral consequences that flow from Petitioner Al Otaibi's unlawful detention are at least as significant as those that arise from a wrongful conviction. *Cf. Carafas*, 391 U.S. at 237 (describing consequences of petitioner's felony convictions, including disqualification from voting, engaging in certain business, and serving as a juror).

Courts have long acknowledged that the stigma arising from being charged with certain crimes can constitute the type of collateral consequence that should keep a case "alive" and give a *habeas* petitioner an opportunity to vindicate his rights. *See, e.g., Demjanjuk v. Petrovsky*, 10 F.3d 338, 355-56 (6th Cir. 1993) (holding that the petitioner's acquittal and release in Israel did not moot claim of unlawful extradition because of the "collateral consequence" of stigma attending the district court's finding that petitioner was a notorious Nazi guard); *Robbins v. Christianson*, 904 F.2d 492, 496 (9th Cir. 1990) (the possibility of hindrance to future employment opportunities is "not too ephemeral to constitute a collateral consequence for mootness purposes"). Unless granted the opportunity to litigate this case, Petitioner Al Otaibi will always carry with him the stigma of being classified as an "enemy combatant" by Respondents. Petitioners are entitled to proceed with the *habeas* petition to demonstrate the illegality of Petitioner Al Otaibi's classification and to attempt to ameliorate his obvious stigma.

Petitioner Al Otaibi's transfer does not deprive the Court of the power to fashion a meaningful remedy in this case.[3]  The *habeas* statute "does not limit the relief that may be granted to discharge of the applicant from physical custody.  Its mandate is broad with respect to the relief that may be granted.  It provides that 'the court shall … dispose of the matter *as law and justice require*.'"  *Carafas*, 391 U.S. at 239 (quoting 28 U.S.C. § 2243) (emphasis added).  For example, this Court could grant relief by issuing an order that requires Respondents to remove Petitioner Al Otaibi's "enemy combatant" designation from Respondent's domestic and international records.  Such act would be the equivalent of Respondents expunging Petitioner Al Otaibi's criminal record, a remedy ordered in other *habeas* actions.  *See, e.g., A.M. v. Butler*, 360 F.3d 787, 802 (7th Cir. 2004) (ordering state to expunge petitioner's conviction unless he received a new trial within 120 days); *White v. White*, 925 F.2d 287, 292 (9th Cir. 1991) (ordering government to expunge charges of child sexual abuse and firearms possession from petitioner's parole violation record).

### III.  DISMISSAL WOULD IRREPARABLY HARM PETITIONER AL OTAIBI BECAUSE HE HAS NO OTHER MEANS OF OBTAINING RELIEF

Because Petitioner Al Otaibi has been released from United States custody, the Court of Appeals lacks jurisdiction under the DTA to consider his challenge to his designation as an "enemy combatant."  *See* DTA § 1005(e)(2)(D) (providing that jurisdiction of the Court of

---

[3] The Court of Appeals' ruling in *Qassim v. Bush*, 466 F.3d 1073 (D.C. Cir. 2006), does not alter the analysis.  In *Qassim*, the Court of Appeals ruled that petitioners' *habeas* petitions were rendered moot when petitioners were transferred to Albania. *Id.* at 1076-78.  However, unlike Petitioner, who remains designated as an "enemy combatant," the petitioners in *Qassim* had been designated as "non-enemy combatants" prior to their transfer. *See Qassim v. Bush*, 382 F. Supp. 2d 126, 127 (D.D.C. 2005).  As a result, the petitioners in *Qassim* could not point to the same collateral consequences that Petitioner will likely face.

   Respondents' continuing designation of Petitioner as an "enemy combatant" also distinguishes the instant case from *Abu Ali v. Gonzales*, 387 F. Supp. 2d 16 (D.D.C. 2005) (Bates, J.), in which this Court dismissed the petitioner's *habeas* petition as moot in light of his release from detention in Saudi Arabia and subsequent incarceration in the United States pursuant to a federal criminal indictment.

Appeals "shall cease upon the release of such alien from the custody of the Department of Defense"). The DTA therefore does not provide Petitioner Al Otaibi with a constitutionally adequate substitution for *habeas* corpus. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977) ("[T]he substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus.").

Under these circumstances, Petitioners' ability to maintain their *habeas* petition in the federal courts is critical. *See Omar v. Harvey*, No. 05-2374 (RMU), 2006 WL 286861, at *2 (D.D.C. Feb. 6, 2006) (noting that the "danger that the respondents could obviate the petitioner's right to test the legitimacy of his executive detention would certainly constitute a threat of irreparable harm") (citation and internal quotation marks omitted). Just as Respondents designated Petitioner Al Otaibi as an "enemy combatant," they have the ability to withdraw this designation. This case represents the only means by which Petitioner Al Otaibi can clear his name, and justice requires that he be permitted to proceed.

## CONCLUSION

For the foregoing reasons, Petitioners' petition for a writ of *habeas corpus* is not mooted by Petitioner Al Otaibi's transfer to Saudi Arabia. The Court retains jurisdiction over this action and should not dismiss Petitioners' *habeas* petition.

Dated: July 31, 2007

Respectfully submitted,

Counsel for Petitioners:

/s/ Paul A. Leder

RICHARDS KIBBE & ORBE LLP
Paul A. Leder (D.C. No. 358597)
Portrait Building
701 8th Street NW
Washington, D.C. 20001
Tel: (202) 261-2960
Fax: (202) 261-2999

Marcellene E. Hearn
R. Zachary Gelber
One World Financial Center
New York, New York 10281
Tel: (212) 530-1800
Fax: (212) 530-1801

SPEARS & IMES LLP
Christopher W. Dysard
51 Madison Avenue
New York, New York 10010
Tel: (212) 213-6833
Fax: (212) 213-0849

*Of Counsel*:

Gitanjali S. Gutierrez
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

- 8 -